## No. 7727.

## SOHN *v.* WOOD ET AL.

REAL ESTATE.—*Action to Quiet Title.*—*Sale for Taxes.*—*Adjudication.*—*Answer.*—In an action to quiet title to real estate, an answer, in substance, alleging that the plaintiff's title was by purchase at a tax sale in 1870, for taxes of 1868 and 1869, that no deed was executed to him until 1878, that, in an action instituted by him in 1876, against the then owners of the land, judgment was rendered annulling and setting aside the sale to him and declaring the taxes a lien thereon, and ordering its sale to pay them, that afterward so much of said judgment as declared the taxes a lien was set aside and vacated, and the title was adjudged to be in said owners, and that the defendants answering are the owners by grant from them, shows that the rights of the parties were finally settled and determined by the judgments pleaded, and contains a good defence, on demurrer.

SAME.—*Tax Title.*—*Lien for Taxes.*—*Statute Construed.*—Section 257 of the tax law of December 21st, 1872, 1 R. S. 1876, p. 129, does not apply to cases where there has been an adjudication, but declares a rule by which courts are to measure the rights of the parties when the cause comes up for judgment.

SAME.—*Evidence.*—*Sale and Purchase.*—*Voluntary Payment.*—Where one claims to hold a lien for taxes paid upon the lands of another, he must show that the lands were sold for taxes, and were purchased by him at such sale. Mere voluntary payment is not enough to entitle him to a lien.

From the Grant Circuit Court.

*J. Brownlee, G. W. Harvey* and —— *Kersey,* for appellant.

*A. Steele* and *R. T. St. John,* for appellees.

ELLIOTT, J.—Appellant instituted this action to quiet title to certain real estate, of which he claimed to be the owner, under a tax deed executed to him by the auditor of Grant county. The appellees answered in two paragraphs. A demurrer was overruled to the second paragraph, and upon this ruling is based one of the assignments of error.

The second paragraph of the answer contains, in substance, these allegations: That appellant purchased the land at a tax sale made on the 10th day of February, 1870; that the

taxes for which the lands were so sold were the taxes of 1868
and 1869 ; that no deed was executed or demanded until the
23d day of April, 1878, when a deed was executed ; that be-
fore the demand for and execution of the deed, to wit, at
the September term, 1876, of the Grant Circuit Court, the
appellant instituted an action against George C. Rowland
and others, then the owners of the land, to set aside the tax
sale, and that the said sale was annulled and set aside ; that
it was adjudged in said action that the taxes were a lien on
said land, and the sale thereof was ordered to pay said lien ;
that at the February term, 1878, a proceeding was pros-
ecuted by said Rowland and others to set aside so much of
the former judgment as declared the taxes to be a lien on
the land ; that the court did set aside and vacate the judg-
ment declaring the taxes to be a lien, and adjudged the title
to be in the said Rowland and others. It is also averred
that appellees are the owners by grant from the said Row-
land and others.

The argument of the appellant is, "That the effect of the
review of the first decree was to place appellant in the same
position in which he stood with his certificate of sale before
he had the same annulled, and the land decreed liable there-
for," and that under section 257 of the tax law his remedy
revived. This argument is plainly fallacious. The ques-
tions of the validity of the tax deed, and of the right to a
lien, were both litigated. In the first action the tax deed
was declared void, and a lien declared ; in the second that
part of the decree declaring a lien was set aside, and the re-
sult of both proceedings is a direct adjudication that appel-
lant had neither title nor lien.

Section 257 of the tax law, to which appellant refers,
yields his argument no support. That section does not apply
to cases where there has been an adjudication, but declares
a rule by which courts are to measure the rights of the par-
ties when the cause comes up for judgment. In the case

at bar the rights of the parties, under the rules of law prescribed by the statute referred to, as well as by all other statutes, were finally settled and determined by the judgments described in the answer.

The motion for a new trial was rightly overruled. There is no evidence showing that the taxes were ever assessed against the land described in the complaint, nor is it shown that the land was sold for taxes. Neither the tax deed nor any instrument or record, executed or kept by any public officer, was introduced in evidence. Indeed, there is nothing to show that the taxes were not voluntarily paid. On the margin of the record counsel have made a note referring to the tax deed, but it is not incorporated in the bill of exceptions.

It is not enough to merely prove payment of taxes, to entitle a person paying taxes on the lands of another to have a lien established for taxes so paid. More than the mere payment of taxes must be shown. There can not be a lien unless there has been a sale. We do not mean to decide that a lien invariably attaches after sale ; for that question is not here involved. But we do decide that where one claims to hold a lien for taxes paid upon the lands of another he must show that the lands were sold for taxes and were purchased by him at such sale.

The effect of the evidence introduced by the appellees we need not consider. It may be true, as counsel urge, that the appellees failed to properly connect themselves with the judgments pleaded in the second paragraph of the answer. Be this as it may, it is very certain that the appellant entirely failed to make out a case.

Judgment affirmed.