CARR & HOBSON (Limited), Appellant, *v.* ANNA J. A. STERLING, Respondent.

In an action upon an undertaking alleged to have been given to secure the release of one H. from an order of arrest issued in a civil action brought in the Superior Court of the city of New York, the complaint alleged that the undertaking was executed and accepted under an agreement that, upon its execution, H. should be discharged from arrest, defendant agreeing to fully perform and abide by its terms. Said undertaking was entitled in the Supreme Court, and did not conform to the provision of the Code of Civil Procedure (§ 575), and plaintiff claimed to recover upon it, not as a statutory undertaking, but as an agreement valid at common law. *Held,* that, treating the undertaking as an agreement, the mistake in the entitling was not available; that no particular form was necessary, nor was it necessary that it should be entitled, and so the words "Supreme Court" might be treated as surplusage; and that this action was maintainable.

The complaint in the action, in which the order of arrest was issued, demanded judgment for $7,000 and interest. The defendant did not appear. The complaint was amended *ex parte* at Special Term so as to demand judgment for $13,618.66, with interest. Judgment was thereafter entered for that amount. *Held,* that, conceding H. was entitled to notice of the motion to amend the complaint, the failure to

give it was an.irregularity merely which could be corrected on motion, but would not operate to render the judgment void; that the judgment would stand as valid until set aside or amended.

The deputy sheriff testified that he arrested H.; told him the amount of bail required, and that he and H. went to see the defendant herein; that H. asked her if she would go on a bond and she replied she would; that the witness and H. then went to the house of L., the attorney in the action against H., and the bond was partially filled out; they then returned to the defendant, who signed the bond; she asked if she would be sufficient, and was told that L. said she would; that they then returned to L.'s house; he approved the bond, and thereupon H. was discharged. The defendant herein did not see plaintiff or his attorney before signing the bond. *Held,* that the evidence was sufficient to establish an agreement between defendant and plaintiff.

Execution against the body of H. was not issued until a year and a half after the return unsatisfied of the execution against his property. H. could not then be found. He had remained in the vicinity for a long time after entry of the judgment. It appeared, however, that defendant had requested plaintiff's attorney not to press or pursue H. in the matter, and he swore that this was the reason for the delay in issuing the body execution. *Held,* that any laches on the part of plaintiff was excused.

*Toles* v. *Adee* (91 N. Y. 562; *S. C.,* 84 id. 222) distinguished,

*Carr & Hobson* v. *Sterling* (21 J. & S. 255) reversed.

(Argued June 3, 1889; decided June 18, 1889 )

APPEAL from judgment of the Superior Court of the city of New York, entered upon an order made May 3, 1886, which overruled exceptions taken at the trial and directed a judgment for defendant.

The nature of the action and the facts are sufficiently stated in the opinion.

*Norman T. M. Melliss* for appellant. The undertaking given on the discharge of the prisoner Holt resolves itself into an assumpsit at common law. (*Toles* v. *Adee,* 84 N. Y. 222; *S. C.,* 91 id. 562.) The validity of the undertaking as a technical bail bond was, therefore, not necessary. (*Ryan* v. *Webb,* 39 Hun, 435.) The objection that the undertaking sued on is entitled in the Supreme Court, whereas the plaintiff pleaded the giving of an undertaking in an action in the Superior Court, is entirely technical and was properly over-ruled. (*Bensel* v. *Lynch,* 44 N. Y. 162; *Douglass* v. *Habestro,* 88 id. 611.) The fact that judgment in the suit against Holt

was taken by default, and for a larger amount than the complaint demanded, did not render the judgment itself or the executions based upon it void, but merely irregular; at all events, the defendant in this suit could not attack such judgment or executions in this suit collaterally. (*Jewett* v. *Crane*, 35 Barb. 208; *Bensel* v. *Lynch*, 44 N. Y. 162; *Peck* v. *N. Y. & N. J. R. R. Co.*, 85 id. 246.) The question of laches should have been submitted to the jury. (*Toles* v. *Adee*, 84 N. Y. 241; *S. C.* 91 id. 562, 573.)

*L. Laflin Kellogg* for respondent. The instrument sued upon as a statutory bond or obligation is void, for the reason that it was executed by only one surety. (Code of Pro. § 575; 3 R. S. [ed. 1875] 448, §§ 49, 59.) Any undertaking taken by the sheriff in excess of or not in conformity to the provision of the statute is null and void. (*Cook* v. *Fraudenthal*, 80 N. Y. 205; *Toles* v. *Adee*, 84 id. 234.) The plaintiff is not entitled to recover upon the instrument as a common-law undertaking or agreement, for the reason that no such agreement has been proved. (*Toles* v. *Adee*, 84 N. Y. 234.) The plaintiff has been guilty of gross laches in this case which, as a matter of law, would discharge the defendant as surety. (*Toles* v. *Adee*, 91 N. Y. 571; *Creary* v. *Parker*, 40 id. 181; *N. Ins. Co.* v. *Wright*, 76 id. 445; *McMurray* v. *Noyes*, 72 id. 523.) A judgment granting relief not demanded in the complaint is not merely irregular, but void or voidable for want of authority in the court to render it. (Code of Civil Pro. § 1207; *Simonson* v. *Blake*, 12 Abb. 331; *Andrews* v. *Monilaus*, 8 Hun, 65; *Bartlett* v. *Holmes*, 12 id. 398; *Hurd* v. *Leavenworth*, 1 C. R. [N. S.] 278; *Briggs* v. *Oliver*, 68 N. Y. 336; *Argall* v. *Pitts*, 78 id. 243; *Peck* v. *N. Y. & N. J. R. R. Co.*, 85 id. 246.) In case of a lack of jurisdiction in the body to make the decision, the decision may be attacked whenever it is asserted, for if there was no authorized body or court there could be no authorized decision. (*Osterhaudt* v. *Hyland*, 27 Hun, 167; *Lange* v. *Benedict*, 73 N. Y. 12.) The return of the execution against the person was not prop-

erly made, and, being a condition precedent to any recovery upon the bond, the complaint was rightly dismissed upon this ground also. (Code of Civil Pro. § 597.) By its conduct the plaintiff concedes that a question of law only is raised. (*White* v. *Talmadge*, 35 Super. 223; *Winchell* v. *Hicks*, 18 N. Y. 558; *Seymour* v. *Cairy*, 1 Keyes, 532 : *Provost* v. *McEncroe*, 102 N. Y. 650.)

HAIGHT, J. This action was brought upon an undertaking executed by the defendant to secure the release of one William W. Holt from an order of arrest issued in a civil action. The undertaking was in the sum of $7,500, and provided that Holt "shall at all times render himself amenable to any mandate which may be issued to enforce final judgment against him in the action." Final judgment was entered therein on the 27th day of May, 1882, and thereafter and on the 29th day of November, 1882, an execution was issued against the property of the judgment-debtor. Such execution having been returned unsatisfied, an execution against the body of the said judgment-debtor was issued on the 7th day of December, 1883, and was returned by the sheriff with the indorsement thereon, " Defendant not found." Thereafter this action was brought upon the undertaking.

Upon the trial the court dismissed the complaint and ordered the exceptions to be heard in the first instance at the General Term, and in the meantime suspended judgment.

The complaint in this action alleges that the undertaking was executed by the defendant and accepted by the plaintiff, under an agreement that Holt should be released and discharged from arrest, the defendant agreeing to duly perform and abide by the terms and conditions of the undertaking. That pursuant to such agreement, and in consideration thereof, the plaintiff did discharge and release Holt from custody under the order of arrest. The undertaking had but one surety and did not conform to the provisions of the Code, and the plaintiff does not claim the right to recover on it as a

statutory undertaking; but does claim the right to recover upon it as an agreement, which is good at common law. The action in which the order of arrest was issued was brought in the Superior Court of the city of New York. The undertaking was entitled in the Supreme Court. It is now claimed that it is void because it is not entitled in the court in which the action was brought. Without stopping to consider the effect that this would have upon a statutory undertaking, we are of the opinion that, inasmuch as it is founded upon an agreement and is sought to be maintained by virtue of the agreement, the defect, if such it be in a statutory undertaking, is not available in this action. There is no obscurity in the agreement in reference to the order of arrest that Holt was to be released from, or the obligation that the defendant undertook upon his being discharged. Treating it as an agreement between the parties no particular form was necessary. It was sufficient if the minds of the parties met and assented to its terms. As an agreement, it was not necessary that it should be entitled, and the words " Supreme Court " at the head thereof have no significance, and may be properly treated as surplusage.

The original complaint in the action, in which the order of arrest was issued, demanded judgment for $7,000 and interest. The defendant did not appear in the action. Subsequently, on an application to the Special Term, the complaint was amended *ex parte* so as to demand judgment for $13,618.66, with interest from April 3, 1882, with costs, etc. Thereafter judgment was entered for that amount. It is claimed that this was in violation of section 1207 of the Code of Civil Procedure, which provides that, " Where there is no answer the judgment shall not be more favorable to the plaintiff than that demanded in the complaint." If the judgment is void, then it would not be within the provisions of the agreement, under the terms of which Holt was to render himself amenable to any mandate which may be issued to enforce a final judgment against him in the action. (*Mittnacht* v. *Kellermann*, 105 N. Y. 468.) But is it a void judgment? The court had juris-

diction of the parties and the subject-matter. This was obtained upon the service of the summons and complaint. The amended complaint in the action demanded judgment for the amount for which it was entered. The judgment, therefore, conforms to the provisions of the section of the Code referred to. A party appearing in an action is entitled to notice of the motions subsequently made to the court, but a party not having appeared would not ordinarily be entitled to notice of motion. (*Peck* v. *N. Y. & N. J. R. R. Co.*, 85 N. Y. 246.) But if it should be held that Holt was entitled to notice of the motion to amend the complaint, the failure to give such notice would be an irregularity merely, which could be corrected upon motion. It would not operate to render the judgment void, but it would stand as a valid judgment of the court until set aside or amended. (*Jewett* v. *Crane*, 35 Barb. 208; *Bensel* v. *Lynch*, 44 N. Y. 162–165.) The cases of *Briggs* v. *Oliver* (68 N. Y. 336) and *Argall* v. *Pitts* (78 id. 243) are not in conflict with this view. No greater amount can be recovered of her than that stipulated in the undertaking or agreement. And whether she is entitled to be credited with the payments by Holt after the action was brought is not now before us for consideration.

It is contended that there was no common-law undertaking or agreement proved. The evidence upon this branch of the case is undisputed and is substantially as follows: The deputy sheriff, McGonigle, testified that he arrested Holt and immediately afterwards told him the amount of bail that was required, and that afterwards they went and saw Mrs. Sterling, the defendant in this action; that Holt asked her if she would go on a bond, and she said she would if she could be of any use to him; that they then went to Mr. Logan's house, the attorney for the plaintiff in that action, had a talk with him and the bond was partially filled out; they then returned to Mrs. Sterling and she signed the bond. She wanted to know if she would be sufficient, and was told that Mr. Logan said "Yes, that he would accept her;" that they then returned to Logan's house, who approved the bond, and thereupon the sheriff discharged Holt from arrest. It is true that the

defendant did not see the plaintiff or its attorney before signing the bond, but her willingness to sign was conveyed to the plaintiff's attorney, through Holt and the deputy sheriff, and his consent to accept her was conveyed back to her by the same persons. The undertaking was prepared and she signed it. This appears to be sufficient to establish an agreement. (*Tolles* v. *Adee*, 84 N. Y. 222; 91 id. 562; *Goodwin* v. *Bunzl*, 102 id. 224.)

Again, it is contended that the plaintiff has been guilty of laches, which, as a matter of law, would discharge the defendant as surety. As we have seen, the judgment was entered on the 27th day of May, 1882, and an execution against the property was issued on the 29th day of November, 1882, and that against the body on the 7th day of December, 1883, more than a year and a half afterwards. It appears that Holt remained in the vicinity for a long time after the entry of judgment, and had the execution against his body been issued he could have been taken thereon, but at the time that it was issued he had departed from the county and could not be found. This undoubtedly amounts to laches which would discharge the defendant from liability. (*Tolles* v. *Adee*, 91 N. Y. 571; *Craig* v. *Parkis*, 40 id. 181; *Northern Ins. Co.* v. *Wright*, 76 id. 445; *McMurray* v. *Noyes*, 72 id. 523.)

But it is claimed that these laches were excused by the defendant, and this, in our judgment, becomes the important question in the case.

Mr. Logan, the plaintiff's attorney, testified that Mrs. Sterling, the defendant, came to his office and stated that she felt a considerable interest in Mr. Holt. " She said that she requested me to use my influence to help Mr. Holt all that I could, and she spoke to me in regard to getting Mr. Holt back with Carr & Hobson, and I told her I would use my endeavors to do so. She told me she hoped I would not press Mr. Holt or pursue him in that matter. She said that she thought Mr. Holt had fallen. That he had a very nice family. I think she said she thought he had fallen; I don't remember her exact words, but substantially, ' from grace,' I think, by

accident, and she hoped very much I would not press him or do anything to injure him in this case any further than absolutely necessary, and not to do anything that I could avoid doing." He further testified that he did use his endeavors to have Mr. Holt returned to Carr & Hobson, and that he did not issue the executions upon the judgment sooner than he did, because he desired to do all he could in the matter for Holt, and that he had been beseeched by the defendant not to do anything, but to do all that he could for him, and not press or injure him on that account.

It will be observed that the defendant requested the plaintiff's attorney not to press or pursue Holt in the matter. The only way in which he could be pressed or pursued in that action was by the issuing of the executions against his property and person. The request was, therefore, in effect, not to issue the executions ; and it appears to have been so understood by the plaintiff's attorney, for he testified that the delay in issuing the execution was on account of the request of the defendant. We are of the opinion that this amounted to an excuse for the laches complained of.

In the case of *Tolles* v. *Adee* (91 N. Y. 562–572) a similar request had been made by the surety, but subsequently he died, and the court in that case held that it was but a mere notice which could be terminated, and could not be deemed to continue after his death, when new rights intervened and his liability fell on the shoulders of his executors. In that case it was further held that there were laches in not issuing the executions with due diligence after the death of the surety, which operated to discharge his executors from liability. (See, also, same case, 84 N. Y. 222.) It consequently appears to us that a question of fact was presented, which should have been submitted to the jury.

For these reasons the judgment should be reversed and a new trial ordered, with costs to abide event.

So ordered.

All concur.

Judgment reversed.