# White *v.* Sheffield & Tuscumbia Street Railway Co.

*Statutory Claim Suit for Dummy Engine.*

1. *Defenses available to claimant.*—When a claim is interposed by a third person to property for which an action of detinue is pending, and bond is given for the trial of the right of property (Sess. Acts 1888-9, p. 57), the claimant can not be heard to assail the right of the plaintiff, a private corporation, to institute the action, or the official character and authority of the persons who caused it to be instituted; and the plaintiff having proved that the property was in the possession of the defendant when seized by the sheriff under the writ in detinue, the claimant can not be heard to assert that said possession was held in his interest, and subject to his control, unless under legal title paramount to that of the plaintiff.

2. *Payment of freight charges by agent.*—When a private agent of a corporation, having an order from its president or superintendent to take possession of personal property belonging to it, is required to pay freight charges due to a common carrier in order to get possession, and pays the amount out of his own moneys, he is entitled to retain

the possession, as against his principal, until the amount is repaid him; otherwise if the payment was made with the funds of the principal, which would be presumed if he was acting in the capacity of superintendent.

3. *Rent, or hire, and wear and tear, as elements of damages.*—In an action for the recovery of personal property *in specie*, or a statutory claim suit growing out of it, the plaintiff can not recover, as damages, both rent (or hire) and ordinary wear and tear, since the former includes the latter.

APPEAL from the Circuit Court of Colbert.
Tried before the Hon. HENRY C. SPEAKE.

KIRK & ALMON, for appellant.

J. B. MOORE, *contra.*

STONE, C. J.—The appellee brought suit against the East Tennessee, Virginia and Georgia Railroad Company, for the recovery of "one dummy-engine of the value of two thousand dollars, with the value or hire thereof during the detention." The suit was instituted under our statute—Code of 1876, § 2942; Code of 1886, § 2717—which is a substitute for the common-law action of detinue. Under the statutory action, if affidavit be made and bond given as the statute requires, the sheriff is commanded to take the property into possession; and under such order, the sheriff did in this case take the engine into his possession. The statutory action of detinue has not been tried, so far as the record informs us.

We have also, in this State, a statutory action, or collateral proceeding, which is known as a trial of the right of property. It was created to meet the exigency presented when the sheriff, under execution or attachment against one, seizes goods as the property of the defendant in the process, which goods a third person, stranger to the process, claims are his property. It fills the office (but does not supersede it) of the common-law action of trespass, when a stranger to the process alleges that a levy has been made on property which does not belong to the defendant, but to him, the claimant. A later statute extended the remedy of a claim suit, or trial of the right of property, to actions of statutory detinue, whenever property is seized in such action, which a third person, stranger to the suit, claims is his property.—Code of 1876, § 3350; Act approved February 26, 1889, Sess. Acts, 57. The mode of instituting such claim or collateral suit is as follows: "When a suit is brought for the recovery of personal property in specie, under the provisions of section 2717 of the Code of Alabama, and the defendant shall neglect for five days to give bond as

required therein, if the property seized is claimed by a person not a party to the suit, and affidavit and bond be executed as required by law in cases of trial of right of property when levied on by writ of *fieri facias*, the property must be delivered to the claimant, and the affidavit and bond be returned by the officer having in charge the property claimed, with the summons, upon which the same proceeding must be had as in other trials of the right of property.

It will be seen that when, in a statutory detinue suit, a claim to the property is interposed by "a person not a party to the suit, . . . . the same proceeding must be had as in other trials of the right of property." It follows that, in determining the questions raised by this record, we must be governed by the rules which would govern us, if the engine had been levied on under execution or attachment at the suit of the S. & T. Street Railway Co., against the E. T., V. & G. R. R. Co., and a claim had been interposed by a third person, under sections 3004 or 3012 of the Code of 1886. For the rules in such claim suit, see authorities in notes to the sections cited. And we may state, that section 2611 of the Code of 1886—the statutory interpleader—can exert no influence in the trial of this cause, for the proceeding is not under that statute.

No question can be raised in this case as to the rightful use of the corporate name of the Sheffield & Tuscumbia Street Railway Company in bringing the suit, out of which the present one grew. Whether the persons who caused the action of detinue to be instituted, were the rightful officers of the corporation, entitled to sue in its name, was a question in which the claimant, as such, had no interest. It was foreign to the issue raised by his claim, which only raised the question of title between the plaintiff in detinue suit and the claimant, White. When the plaintiff made the proof it did, showing that when the suit was commenced, and when the engine was seized by the sheriff, it was standing on a railroad track which was under the management and control of the E. T., Va. & Ga. Railroad Co., it showed a *prima facie* right to sue that railroad company for the recovery of the engine; and a claimant under the statute would not be heard to assert that the possession was held in his interest, and subject to his control, unless the legal right of the claimant was paramount to that of the street railway company; for that was the issue in this claim suit. If the plaintiff proved its legal right to the engine, White, the claimant, could not defend on the ground, if true, that E. T., Va. & Ga. R. R. Co. had not the possession of the engine when the suit was commenced; for such proof could not aid in determining whether the street railway's, or

White's, was the better title. These plain principles relieve us of the consideration of many questions which have been pressed in argument.

There does not appear to have been any denial in the trial court that the Sheffield & Tuscumbia Street Railway Company purchased and paid for the engine, and that it was its property. The claimant in his testimony admitted it belonged to the street railway company. In maintenance of White's claim, interposed in this case, several motions were made in the court below, and were overruled. What we have already declared shows there was no merit in those several motions.

Another ground was taken in defense by White, which, in his testimony, he states as follows: "He had an order from the president of the Sheffield & Tuscumbia Street Railway Company for the engine, and took possession of it at his request, and he paid about three hundred and forty dollars to settle the freight due on the engine; that the Memphis & Charleston Railroad Co. had been in possession of the engine, and had brought it to Tuscumbia, and he got possession of it from the M. & C. R. R. Co., on the order of H. B. Tompkins, the president of the Sheffield & Tuscumbia Street Railway Co., and also an order from T. D. McMillan, the consignee; that he took possession of it on the 10th day of May, 1887, but he had not removed the engine from the track of the railroad when suit was brought." The detinue suit was instituted May 11, 1887; and the foregoing is the entire testimony introduced, tending to support White's claim to the engine. He testified further, that no demand for the engine had been made of him before the suit was brought. The question of demand of the engine *vel non* before the action of detinue was brought against the E. T., Va. & Ga. R. R. Co., may be a material question when that suit comes to be tried. White, the claimant, can not raise it in this action. It does not concern him.

In considering the main question in this cause, we can not regard the plaintiff street railway company, and Tompkins, its alleged president, as representing different interests. No testimony was received, or is found in the record, which shows any difference of interest. Nor should such testimony have been received in this suit. We must, therefore, treat the Sheffield & Tuscumbia Street Railway Company as the plaintiff in the suit, and Tompkins as its president, as testified by White; and White must be treated as the agent of the street railway company, acting under the order of Tompkins, its president. Testimony was offered tending to show that White was superintendent; but it was ruled out, on objection of plaintiff, and we are left without proof that he filled any office or special

[White v. Sheffield & Tuscumbia St. Railway Co.]

·trust in relation to the company. His own testimony, copied above, contains all the information furnished us of his connection with the street railway company, except that he testified to repairs he had had put on the engine, after he obtained possession of it under his claim bond.

Stripped of all superfluous matter—matter which does not affect the issue in this claim suit—the facts may be summarized as follows; The Sheffield & Tuscumbia Street Railway Company purchased and paid for the engine, and had it shipped and consigned to McMillan, its then president, at Tuscumbia. It had arrived, and was in the depot of the railroad at the point of delivery, but the freight charges, three hundred and forty dollars, were unpaid. On May 10, 1887, McMillan, ex-president and consignee, and Tompkins, president of the street railway company, gave White an order to take possession of the engine; and pursuant thereto he paid to the railroad company the freight due on the engine, and took some steps in its removal, but it remained on one of the tracks of the railroad company. On May 11, 1887, the action of detinue was commenced by the street railway company, for the recovery of the possession of the engine; and under an order of seizure issued in said suit, the sheriff took possession of it, and a few days afterwards White interposed his statutory claim, and inaugurated the present suit.

It will be observed that White testified that he paid the freight charges, as one of the conditions on which he could obey the orders of McMillan and Tompkins—in other words, the orders of the street railway company—and thereby obtain possession of the engine. This presents the sole ground shown by him, on which he can base any right to claim the engine. He does not state with whose money he made the payment. If he made it with funds furnished him for the purpose, he has shown no claim whatever to the engine. So, if it had been shown that, in what he did, he was acting in the capacity of superintendent, the presumption would be that he paid with corporate funds, and this would give him no rightful claim to hold the engine. But, as we have shown, the testimony does not authorize us to infer and announce as facts either of the foregoing categories. The testimony showing, at most, that he was only a private agent, acting at the instance and request of the street railway company, the inference is not absolutely repelled that he paid the freight charges with his own money. Acting as he did under the request of the street railway company, and not shown to have been other than a private agent, if he paid his own money as a necessary means of obeying the request, and obtaining possession of the

[McDermott v. Eborn.]

engine, and, in obedience thereto, he did obtain such possession, this gave him a lien on the engine for his reimbursement, and would overcome the plaintiff's right to recover the possession from him, until he was repaid the money he had thus paid out.—*Guesnard v. L. & N. R. R. Co.,* 76 Ala. 453; Story on Agency, § 373; 1 Amer. & Eng. Encyc. of Law, 428, and note; 4 Wait's Act. & Def. 326; *Muller v. Ponder,* 55 N. Y. 325; *Railroad Co. v. Railroad Co.,* 67 Ill. 142.

In the present case, it was a question for the jury, under proper instructions, whether White obtained possession of the engine at the request of the plaintiff, and whether he paid the freight with his own money. If he did, he could retain the possession against the street railway company until the money was refunded, or tendered to him. On the evidence, it can not be affirmed, as matter of law, that White did not pay the freight bill out of his private funds, and it follows that the Circuit Court erred in giving the general charge in favor of the plaintiff.—*Dollins v. Pollock,* 89 Ala. 351.

Under no circumstances could plaintiff recover as damages both rent and ordinary wear and tear. The former includes the latter.

This action, as we have shown, is a collateral proceeding in an action of statutory detinue. When decided, it will settle and determine the conflicting right to the engine as between the street railway company and White, the claimant. The recovery, if in favor of the plaintiff, is not decisive of the action of detinue against the railroad company. That is yet to be tried.

Reversed and remanded.