REIDY v. BLEISTIFT.

(City Court of New York, General Term. December 27, 1899.)

1. DEFAULT—JUDGMENT.
    Where the action was to recover for services rendered at a fixed monthly price, and the defendant defaulted, it was error to render judgment on a quantum meruit for more than double the amount claimed under the contract.

2. APPEAL—WHEN LIES.
    No appeal lies from a judgment by default.

Appeal from special term.

Action by Catherine Reidy against Abraham I. Bleistift. From a judgment for plaintiff entered upon an inquest taken on defendant's default, and from orders denying his motions to set aside the

inquest and judgment, defendant appeals. Appeal from judgment dismissed, and orders appealed from reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Arthur Furber, for appellant.
Earley, Heath & Stewart, for respondent.

SCHUCHMAN, J. The action was commenced about May 1, 1899, and is brought to recover a sum of money alleged to be due for work, labor, and services. The complaint alleges that between October 31, 1893, and January 1, 1897, the plaintiff rendered services to the defendant at the agreed price of $7 per month; that plaintiff has paid on account thereof the sum of $113. The answer is a general 'denial. At the trial the defendant defaulted, and an inquest was taken. The material parts of the findings are as follows:

"The plaintiff, at the special instance and request of the defendant, rendered services to him heretofore as housekeeper, which said services were worth the sum of $328; that nothing has been paid on account of this sum, and judgment is therefore ordered, with interest."

It will be observed that the findings do not specify for what period the services were rendered, nor what was the rate of compensation allowed for the services. It is a fact that from October 31, 1893, to January 1, 1897, is a period of 38 months; 38 months at $7 a month is $266; and plaintiff admits receiving on account $113; leaving a balance of $153. So that the plaintiff, under her allegations in the complaint, would be entitled to a judgment for $153, and interest in addition thereon, while by the findings of the justice judgment is granted to her for the sum of $328, and interest in addition thereto. The question for determination here is whether a judgment for more than double the amount justified by the complaint is permissible and can stand, where the same is rendered on the default of the defendant upon the trial. The defendant made a motion to set aside said inquest, which motion was denied. Thereafter a motion was made to set aside the judgment as irregular, which was again denied.

Pleadings and a distinct issue are essential to every system of jurisprudence, and there can be no orderly administration of justice without them. A party must allege as well as prove the facts constituting his cause of action. Courts are liberal in making and allowing amendments of pleadings, and, when the substantial rights of the parties have been fairly tried, trifling variances are disregarded, and judgment is given according to the real right of the case as established. The right of disregarding variances proceeds upon the grounds that the substantial rights of the parties are set up in the pleadings, and the Code forbids amendments where the party will be misled or surprised. Southwick v. Bank, 84 N. Y. 420; Clark v. Post, 113 N. Y. 17, 20 N. E. 573; Wright v. Delafield, 25 N. Y. 266. In the case at bar the plaintiff sets up the facts constituting the cause of action in the first and second paragraphs, and prays for judgment in the third paragraph for a larger amount than her cause of action, as set forth, warrants. But the prayer is no part of the cause of action. The answer is a general denial. At the trial the

defendant defaults, and an inquest is taken before the court. The findings allow a recovery on a quantum meruit for the services rendered by plaintiff, and as set forth in her complaint, while the complaint sets forth a contract price for her services rendered. In other words, a recovery is allowed on a different cause of action than is set forth in the complaint. No amendment of plaintiff's complaint was asked for or granted on the trial respecting the inquest. Plaintiff could only recover on the cause of action as alleged in her complaint, and defendant, by defaulting, had a right to rely that no other or enlarged cause of action could be established against him. He virtually confessed judgment for the cause of action as alleged, and no more. A judgment taken by default is not appealable. The remedy is to have the default opened or the judgment set aside. Flake v. Van Wagenen, 54 N. Y. 25. Respondent, to uphold the judgment, cites Carr v. Sterling, 114 N. Y. 558, 22 N. E. 37. But in the former case the cause of action was for damages for breach of an arrest bond, and the amended complaint in the judgment roll demanded judgment for the amount for which it was entered, and in the latter case the motion to set aside the inquest was because of insufficiency of the evidence to sustain the findings. The facts in those cases are different from those presented in this case on this appeal. In this case it is a question of variance of allegations and proofs. To do justice requires every question to be considered on its own peculiar facts.

The appeal from the judgment is dismissed, and the orders appealed from are reversed, and motions to set aside inquest and judgment are granted; no costs on this appeal to either side.

FITZSIMONS, C. J., concurs.