## SMITH V. GALE.

1. Under Comp. Laws, § 6133, providing that on an appeal from the justice's court an undertaking must be filed, with two or more sureties, an undertaking with only one surety is insufficient.

2. In an action on an undertaking on appeal from a justice which is insufficient as a statutory undertaking, the complaint should affirmatively set out the special facts constituting the agreement on which the undertaking was given, and also allege its delivery, that the court may see whether the instrument, though invalid as a statutory undertaking, contains an agreement which may be enforced at common law.

(Opinion filed April 3, 1900.)

Appeal from Minnehaha county court. Hon. W. A. WILKES, Judge.

Action by Edgar L. Smith against Artemas Gale to recover upon an appeal bond. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

*A. B. Kittredge,* for appellant.

*D. R. Bailey,* for respondent.

CORSON, J. This is an appeal from an order made by the county court of Minnehaha county overruling a demurrer to the complaint. The demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action. In 1896 the plaintiff recovered judgment against Paul S. Knowles and Gale S. Carpenter for $85 and interest, alleged to be due as rent for certain premises in the city of Sioux Falls. From this judgment the defendants took an appeal to the circuit court of Minnehaha county, and executed and filed with the justice the usual printed form of a

statutory undertaking on appeal, with Gale, the appellant, the only surety thereon. On the trial in the circuit court the plaintiff again recovered judgment, and, failing to collect the same by execution issued thereon, brought this action upon the undertaking for the amount of the judgment and costs.

It is contended on the part of the appellant (1) that the undertaking sued on was not executed in conformity with the requirements of our statute, and is therefore not a statutory undertaking; (2) that, if the undertaking is construed as a common-law bond, the complaint is insufficient, in that it fails to set out the special facts necessary to show that it is binding as such common law bond.

We are of the opinion that the undertaking cannot be regarded as a statutory undertaking, for the reason that it is executed by only one surety. Section 6133, Comp. Laws, provides that "the appeal from the justice's court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in the sum of," etc. To constitute a valid statutory undertaking, therefore, there must be at least two sureties. Harris v. Regester (Md.) 16 Atl. 386; Reilly v. Atchinson (Ariz.) 32 Pac. 262; Carr v. Sterling, 114 N. Y. 558, 22 N. E. 37; State v. Montgomery, 74 Ala. 226; Mill Co. v. Center, 107 Cal. 195, 40 Pac. 434; Hall v. Cushing, 9 Pick. 404, and note; Cutler v. Roberts, 7 Neb. 4.

The only allegation as to the manner or purpose for which the undertaking was executed appears in Paragraph 4 of the complaint, which reads as follows: "That on the 16th day of June, 1896, said Paul S. Knowles and Gale S. Carpenter, as principals, and A. Gale, as surety, made and executed their bond or undertaking for the appeal of said action aforesaid, as

aforesaid, and in said undertaking did undertake, promise, and
agree to and with the plaintiff herein that they would prosecute
said appeal with effect, and abide the order of the court there-
in, and would pay the judgment rendered in said justice's court
aforesaid, and all costs of said appeal, should [the same] be
withdrawn or dismissed, and would pay the amount of any
judgment to the plaintiff which might be rendered therein in
said circuit court aforesaid, not exceeding the sum of $200."
It will be noticed that by the allegations in said paragraph no
agreement is set out, no consideration alleged, and no delivery
of the instrument is alleged. Possibly sufficient appears there-
in to show that the instrument was in writing, and, if so, it
would come within the provisions of Subdivision 2, § 3538,
Comp. Laws, which provides, "A written instrument is pre-
sumptive evidence of a consideration," and Subdivision 3, which
provides, "The burden of showing the want of consideration
sufficient to support the instrument lies with the party seeking
to invalidate or avoid it." But the special facts constituting
the agreement and the delivery must be affirmatively alleged.
In Carr v. Sterling, *supra*, it was said in the opinion: "The
complaint in this action alleges that the undertaking was exe-
cuted by the defendant, and accepted by the plaintiff, under the
agreement that Holt should be released and discharged from
arrest, the defendant agreeing to duly perform and abide by
the terms and conditions of the undertaking; that pursuant to
such agreement, and in consideration thereof, the plaintiff did
discharge and release Holt from custody under the order of ar-
rest." As the undertaking had only one surety, and did not
conform to the provisions of the Code, the plaintiff did not claim
the right to recover upon it as a statutory undertaking, but did

claim the right to recover upon it as an agreement good at common law. The court in that case further says that, without stopping to consider the effect which certain defects mentioned would have upon a statutory undertaking. they were of the opinion that inasmuch as it was founded upon the agreement, and was sought to be maintained by virtue of the agreement, the defects were not available in that action. They further say that, treating it as an agreement between the parties, no particular form was necessary, it was sufficient if the minds of the parties met and assented to its terms. The opinion in that case, we think, states the true rule,—that when a party seeks to recover upon a purported undertaking, not executed in conformity with the statute, he must set out fully and specially the agreement upon which the purported undertaking was given, in order that the court may see that the instrument, though not valid as a statutory undertaking, contains such an agreement as can be enforced by the court. Tested by these rules, the complaint in this case is clearly insufficient, as not alleging a cause of action against the defendant. The pleader evidently proceeded upon the theory, in drawing the complaint, that the purported undertaking constituted a valid statutory undertaking. If it had been such, the complaint would be good. But, inasmuch as the instrument does not constitute a valid statutory undertaking, it is necessary for the plaintiff to set out in the complaint such special facts as will entitle him to recover, as against the defendant, upon his special contract. The order of the county court overruling the demurrer is reversed.