# *Ex parte* Allen.

## *Petition for Certiorari.*

(Decided Feb. 26, 1910.　52 South. 44.)

1. *Certiorari; Common Law; Grounds For.*—A judgment void on its face, if apparent from the record, may be reviewed and annulled by common law certiorari.

2. *Same; Scope of Remedy.*—Where judgment was rendered by default upon a complaint which was properly served on the defendant, and upon an amendment thereto, which was not served upon the defendant, if the amendment was immaterial, any error in not serving the amended complaint upon the defendant before default judgment did not make the judgment void, so as to render it revisable by common law certiorari.

3. *Detinue; Damages; Measure.*—In detinue the measure of damages is the value of the use of the chattel while wrongfully detained, exclusive of interest and damages for depreciation in the use.

4 *Judgment; Default; Matters Admitted.*—A default only admits matters well pleaded as a general rule.

5. *Same; Time of Taking.*—Where the court rules require default docket to be heard on Saturday, a default taken on Friday, if the defendant was in default on Friday, did not render the default judgment void, but was at most a mere irregularity.

Original petition in the Supreme Court.

H. J. Allen petitions for a common law writ of certirorari to review a default judgment rendered against him by the Bessemer City Court.　Writ denied.

B. G. PERRY, and W. S. WELCH, for petitioner.　Judgments by default cannot be taken where no declaration has been filed and served.—*Wellborn v. Shepherd,* 5 Ala. 674; *Ranklin v. Crowell,* Minor, 125; 2 Brick. 137, 138; 6 Ency. P. & P., 45-51.　The judgment in this case was entered upon another and different complaint from that served, and the same principles should apply.— 6 Ency. P. & P., 51; *Benson v. Campbell,* 6 Port. 455; *Southern P. R. R. Co. v. Superior Court,* 56 Cal. 471.

A judgment by default is not authorized on an amended declaration or complaint unless it is served upon the defendant, and he fails to plead thereto within the time. —*State v. R. R. Co.*, 16 Fla. 718; *Barbour v. Briscoe*, 8 Mont. 218; *Rhinhardt v. Luego*, 86 Cal. 397; 5 Ency. P. & P., 51-3; 23 Cyc. 740-2; 31 Cyc. 390, 595; 1 Ency. P. & P., 51-55; *Ex parte Boynton*, 44 Ala. 261. Common law certiorari will issue to quash void judgment, and the petition in this case is sufficient.—*M. & C. R. R. Co. v. Brannan*, 96 Ala. 463; *I. P. Co. v. Am. P. Co.*, 102 Ala. 476. The court rules prescribe that the default docket shall be taken up upon certain Saturdays, and hence, it was error to grant the default on Friday.—11 Cyc. 740-3; 27 South. 900; 25 Ill. App. 315; 28 Kan. 438.

PINKNEY SCOTT, for appellee. The judgment was not void and hence, the writ should be denied.—*Drake v. Johnson*, 50 Ala. 1; *Moore v. Bradford*, 3 Ala. 550; *McKenzie v. McCall*, 3 Ala. 516; *Robinson v. Richards*, 45 Ala. 354; *Freer, et al. v. Cowles*, 44 Ala. 314; *Watham v. Gurley*, 75 Ala. 362. The default admitted the matters pleaded.—Authorities supra, and *McGhee v. Childress*, 2 Stew. 506.

McCLELLAN, J.—Common-law certiorari.

If the theory of the petitioner is maintainable, as it is presented in this application, viz., that the judgment assailed is void, and if it is of record apparent, common-law certiorari is the proper remedy to review and annul the judgment.—*Independent Pub. Co. v. Amer. Press Co.*, 102 Ala. 475, 490, 15 South. 947.

These are the facts: Pinkney Scott instituted detinue against the petitioner, Allen, in the Bessemer city court. His complaint was: "The plaintiff claims of the defendant the following personal property, to wit,

one large bay horse, named John, with tail whipped off, with the value of the hire or use thereof during detention, to wit, from the 31st day of August, 1909." The summons was served on the defendant on August 31, 1909, and the direction to take possession of the animal, the plaintiff having given the requisite bond, executed. The defendant, in his turn, gave a forthcoming bond, and the property was delivered to him. Defendant, not having pleaded within 30 days after service, was in default on Friday, October 1, 1909. On that day the court permitted the amendment of the complaint. It appears from the whole return, after alias certiorari, that the amendment inserted, after the word "off," and before the words, "with the value," these words: "Valued at $200.00, and plaintiff further claims of defendant the sum of $50 damages and $1 per day." After that amending, the court rendered judgment, by default, for the plaintiff for the horse described in the complaint, "or its alternate value of $200, together with $31 detention and a further sum of $50 damages as further detention assessed by the court to the date of the trial." It thus affirmatively appears, and it is not otherwise contended, that there was no service of the amendment or amended complaint on the defendant, before judgment by default was rendered.

The petitioner, in several ways, invoked the court below to set aside the judgment and to quash the execution, following in orderly course from the judgment—in all of which the petitioner was denied relief—before seeking review here. The first basis of insistence that the judgment is void is that neither the amendment nor the amended complaint was served on the defendant before the default was adjudged. Primarily these principles pertain to the question presented and to be decided.

The measure of damages in the action of detinue is the value of the hire or use of the chattel during the period of wrongful detention.—3 May. Dig. pp. 61, 62. Interest on the value of the hire or use is not an element of the damages in such case.—*Fralick v. Presley,* 29 Ala. 457, 65 Am. Dec. 413. Ordinary wear and tear of the chattel is included in the rent or hire thereof. Hence damages for wear and tear cannot be added to those awarded for rent or hire in such action.—*White v. Sheffield,* 90 Ala. 253, 7 Southt. 910. Generally speaking, a default only admits matters well pleaded.— 23 Cyc. pp. 740, 741, 752 ,and notes; *McGehee v. Childress,* 2 Stew. (Ala.) 506.

In this instance the court had jurisdiction of the subject-matter, and of the person. The amendment, ex parte, fixed the value of the animal and enhanced (let us assume) the amount of the damages claimed in the original declaration. Taking the defendant's failure to plead within the requisite period as an admission of the matters then (after amendment) alleged in the declaration, it is obvious that the court's fault, jurisdictioned as stated above, was, at most, in exceeding, in adjudging, the limits made by the averments of the original declaration in respect to the value of the animal and in the amount of the damages claimed. In short, the defendant's default admitted the wrongful detention of the animal, and that the plaintiff was due, at least, some damages for the hire or use thereof; the amounts, in both instances, being unstated in the original declaration. The result, then, of the allowing of the amendment and, thereupon, the juridical conclusion that defendant admitted the value of the animal and the damages for the detention, as alleged in the amendment only, was to unwarrantably conclude as upon an admission by defendant in excess of what he

[Ex parte Allen.]

merely might have been adjudged liable for, under the allegations of the original declaration. Certainly, that consequence did not involve jurisdiction, for plenary jurisdiction the city court already had. If it did not involve jurisdiction, obviously the act of the court was an error—irregularity—only, and in no sense operated to render void the judgment so entered.—6 Ency. Pl. & Pr. p. 53; *Carr v. Sterling,* 114 N. Y. 558, 22 N. E. 37; Freeman on Judgments, § 129. See *Bash v. Van Osdol,* 75 Ind. 18*, and *May v. Bank,* 9 Ind. 233, where the question was presented by and treated on appeal.

It is averred in the petition that by rule duly promulgated by the city court, and in force, the chancery, default, and motion dockets were heard on Saturdays. This judgment by default was taken on Friday. The defendant was in default on that day. The insistence is that the judgment taken on Friday, instead of Saturday, is void. We will assume, for the occasion only, that the rule had the force of a statute; and, if so, the granting of the default was, at most, premature, and, hence, an irregularity.—6 Ency. Pl. — Pr. p. 94, citing, in note 2, our decisions supporting the text.

In my opinion the writ should be denied. ANDERSON, J., concurs in the opinion of the writer.

DOWDELL, C. J., and SIMPSON, MAYFIELD, SAYRE, and EVANS, JJ., hold that the amendment was immaterial, and that judgment entry shows assessment of damages by the court, and concur in the opinion as respects the day on which the default was taken.

Writ denied.