# Bolen *v.* Allen, Sheriff, *et al.*

### *Bill to Quiet Title.*

(Decided March 2nd, 1907. 43 So. Rep. 202.)

1. *Quieting Title; Bill; Allegation as to Pending Suit.*—A bill alleging that a certain strip of land on which complainant's residence is situated and which is her homestead is not embraced in a complaint in ejectment, the judgment thereon or the writ of possession in the sheriff's hand; but that the sheriff under said writ of possession and acting under direction of the ejectment plaintiff is demanding possesssion of said strip and threatens to put complainant out of possession, does not make a case for relief under sections 809-813, Code 1896, as it fails in several material allegation, such as no suit pending, etc.

2. *Executions; Injunctions; Grounds of Relief; Adequacy of Other Remedy.*—Where the sheriff is acting under a writ of possession which does not cover the premises attempted to be disturbed, the party in possession of such premises cannot enjoin the execution of the writ but is relegated to the remedy provided by section 919 of the Code 1896.

APPEAL from Clarke Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by John A. Bolen against R. G. Allen, sheriff, and Mrs. Zedora Hoven, to quiet title to a strip of land and to enjoin sheriff from executing process until the title to said land could be determined. The facts are sufficiently stated in the opinion of the court. From a judgment for respondents, complainants appeal. Affirmed.

[Bolen v. Allen, Sheriff, et al.]

John S. Graham and A. L. McLeod, for appellee.— Under the facts as averred in the bill the execution of the writ of possession would inflict irreparable injury on complainant and the chancery court has jurisdiction. —*Hooper v. Dora Coal Mine,* .95 Ala. 239; *Sullivan v. Babb,* 86 Ala. 433; *Ninninger v. Norwood,* 72 Ala. 277. Where the defect does not appear from the face of the papers the circuit court has no power to prevent abuse of its process.—106 Ala. 188; 95 Ala. 516. A bill should not be dismissed for want of equity if it can be so amended as to give it equity.—82 Ala. 324; Ib. 437; 73 Ala. 363; 64 Ala. 529. When the bill contains equity for one purpose the chancery court has power to determine all questions that are germain thereto.—58 Ala. 277; 75 Ala. 546; 3 Mayf. 188.

Massey Wilson, for appellee. No brief came to the Reporter.

DENSON, J.—Mrs. Zedora Hoven sued J. A. Bolen, in an action of ejectment in the circuit court of Clarke county, to recover certain real estate located in the town of Jackson, in said county. Judgment was rendered in her favor against Bolen for the lands sued for. A writ of possession, issued on the judgment, was placed in the hands of R. G. Allen, sheriff of Clarke county, to be executed. Thereupon Bolen filed this bill in the chancery court against Allen and Mrs. Hoven. In the bill it is averred that a certain strip of land, particularized therein, is not embraced in the complaint, the judgment in the ejectment suit, or in the writ of possession. It is also averred that complainant's residence is located on the particular strip of land, and that the sheriff, acting under the directions of Mrs. Hoven, has demanded of complainant possession of the residence under the writ, and threatens to put him out of possession of the strip of land and the residence. It is then averred that Mrs. Hoven "claims a right to said property (strip of land) under and by virtue of her judgment in the ejectment suit or under some other right." The prayer of the bill is that Mrs. Hoven be required to specify her title or claim to the said strip of land, and by what instrument the same is derived; that on the final hearing

Mrs. Hoven may be adjudged to have no title or right to said strip of land, or the possession thereof; and that the title of complainant be quieted. An injunction is prayed for against Allen, as sheriff, and against Mrs. Hoven, to prevent the execution of the writ of possession as to the particular strip of land. A temporary injunction was granted. The respondents filed separate answers under oath, in which the allegations of the bill in respect to the strip of land not being embraced in the complaint, judgment, and writ of possession are denied; and Mrs. Hoven alleges, affirmatively that the description of the land in the complaint, judgment, and writ embraces the land on which complainant's residence is located. A motion to dismiss the bill for want of equity, and to dissolve the injunction for want of equity, in the bill and on the sworn denials in the answers, was granted by the chancellor, and from the chancellor's decree this appeal is prosecuted.

The gist of the bill is really an effort on the part of complainant to have the chancery court determine whether the land on which complainant's residence is located is embraced in the description contained in the writ of possession; in other words, to have that court determine a dispute between complainant and Mrs. Hoven as to what is covered by the description in the writ. The insistence of the complainant (appellant,) however, is that the bill seeks to compel the determination of claims to land and quiet titles under sections 809-813 of the Code of 1896. The bill fails to aver that no suit is pending to enforce or test the validity of Mrs. Hoven's title or claim; and, taking the averments of the bill most strongly against the complainant, it would seem that Mrs. Hoven's contention is that the land now claimed by the complainant was involved in the ejectment suit, and the title was there determined to be in her. Certain it is that this contention is emphasized by the denials and affirmative averments in Mrs. Hoven's answer.—*Parker v. Boutwell & Son,* 119 Ala. 297, 24 South. 860; *Moore v. Ala. National Bank,* 139 Ala. 273, 35 South. 648. However this may be, it is obvious that the bill fails to present a case within the purpose of

the sections of the Code referred to, or in keeping with the complainant's insistence.

As this court said, through Tyson, J., in *Inglis v. Freeman*, 137 Ala. 300, 34 South. 394, quoting from *Jersey City v. Lembeck*, 31 N. J. Ep. 255: "The inequity that was designed to be remedied grew out of the situation of a person in the possession of land as owner, in which land another person claimed an interest which he would not enforce; and the hardship was that the person so in possession could not force his adversary to sue and thus put the claim to test."—*Fleming v. Moore*, 122 Ala. 399, 26 South. 174; *Weaver v. Eaton*, 139 Ala. 248, 35 South. 647; *Adler v. Sullivan*, 115 Ala. 582, 22 South. 87. If the strip of land particularized in the bill is not covered by the description in the process in the hands of the sheriff, he has no authority by it to disturb the complainant's possession, and, if he should do so, he would be guilty of a trespass. In such a state of the case, for the plaintiff to disturb the complainant's possession would be an abuse of process, a remedy for which is given by section 919 of the Code in the circuit court, whence the process emanates.—*Triest v. Enslen*, 106 Ala. 180, 17 South. 356; *Baldridge v. Eason*, 99 Ala. 519, 13 South. 74. In its final analysis we think the bill only presents a case to enjoin the sheriff from disturbing complainant's possession under process that does not cover the particular land. In this view of the case, the complainant's remedy at law is full, complete, and adequate. This is the view that was taken of the case by the chancellor, and the decree appealed from will be affirmed.

Affirmed.

Tyson, C. J., and Haralson and Simpson, JJ., concur.