# Smith, Stewart & Co., *v*. Dean.

*Application to Recall Execution on Judgment.*

(Decided April 5, 1910.　52 South. 335.)

1. *Executions; Recalling; Proceedings; Relief.*—Under section 3256, as regulated by section 4141, Code 1907, a motion by a judgment debtor to recall an execution on the ground that the judgment on which it was issued had been satisfied before its issuance, is properly made, and the movant is entitled to relief under such a petition whenever the party obtaining the execution has no right for any reason to enforce the judgment.

2. *Same.*—Where a judgment creditor resisting a motion to recall an execution, relies on the fact that the execution was procured to be issued for the collection of the fees of the attorney in procuring the judgment, the judgment creditor has the burden of showing not only that the attorney had a lien, but the amount due him as a fee, and upon a failure of such proof the issue was properly found in favor of the movant.

3. *Same.*—A judgment for a movant seeking to recall an execution on the grounds that the judgment had been satisfied by the movant before the issuance of the execution does not destroy the original judgment, nor determine anything more than the issues litigated on the motion

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Smith, Stewart & Company had a judgment against N. C. Dean, and procured the issuance of an execution thereon.　Dean moved to recall the execution on the ground that the judgment had been satisfied before the issuance of the execution.　From an order directing a recall of the execution the judgment creditor appeals. Affirmed.

JOHN W. CHAMBLEE, for appellant.　The motion was improvidently spread on the motion docket and no material issue in law or fact could be taken thereon on the facts averred, and the court had no jurisdiction to entertain such motion.—*Edwards v. Lewis,* 16 Ala. 813;

*Branch Bank v. Coleman,* 20 Ala. 140. On the same au-
thorities the court erred in overruling appellant's de-
murrer to the motion. The attorney is regarded as the
assignee of the judgment until it is paid, as he had a
lien for his fee.—*Mosely v. Norman,* 74 Ala. 422; *Ex
parte Lehman,* 59 Ala. 631; *McWilliams v. Jenkins.*
Counsel discuss other assignments of error, and cites
the same authority thereto.

JOE C. HAILS, and J. R. MONTGOMERY, for appellee.
No brief reached the Reporter.

SAYRE, J.—Plaintiffs in error having obtained a
judgment against Dean in the circuit court of Jefferson
county, and execution having thereafter issued for its col-
lection, Dean spread a motion upon the motion docket
of the circuit court for an order recalling the execution
on the ground that the judgment had been satisfied by
the owner before the execution had issued. The motion
invoked the court's jurisdiction "to secure parties or
privies in their rights against any oppression or abuse
of execution, or other process, or upon any release, dis-
charge, or payment after judgment" (Code, § 3256), as
regulated by the provisions of section 4141 of the Code.
It is to be administered on those equitable principles
which apply to proceedings under the writ of super-
sedeas, and entitles the movant to relief wherever the
plaintiff has no just right to enforce the process.—
*Lockhart v. McElroy,* 4 Ala. 573; *Shearer v. Boyd,* 10
Ala. 279.

At the hearing it appeared without contradiction that
plaintiffs' attorney of record was seeking to collect the
judgment notwithstanding it had been assigned by a
formal instrument in writing. By what were intended
to be formal pleadings, the plaintiffs answered the mo-

tion in three ways:   (1) That they had not executed an assignment of their judgment to J. J. Edmondson. But the execution of the assignment was proved without conflict.   (2) That the assignment was procured by the fraud and collusion of defendant and Edmondson, so that plaintiffs had not lost their right to control the execution and enforce the collection of the judgment. But as setting up fraud, the pleas, though most liberally construed, were insufficient.   There is averment of facts which may have had more or less relevancy to a charge of fraud.   The effort of the pleas seems to have been directed to the creation of the impression that the assignment was induced by Edmondson's misrepresentation of facts known to him but unknown to plaintiffs. But, whatever may have been intended, the pleas are totally deficient in averment that Edmondson, who is alleged to have been inspired by Dean, either suppressed any truth or suggested any falsehood in respect to the Jefferson county judgment in his communications with plaintiffs.   Indeed, there is no averment that Edmondson made any representations whatever to the plaintiff.   The idea is suggested only by the averment that "the defendant inspired said correspondence between plaintiffs and Edmondson;" whereas, there is no averment of correspondence or other communication between plaintiffs and Edmondson.   (3 )That plaintiffs' attorney had a lien on the judgment for the security of his compensation for services rendered in its procurement, so that no one could acquire the right to satisfy the record thereof to his prejudice.   But in view of plaintiffs' undeniable right to dispose of their interest in the judgment, and of the fact that they had assigned it, not questioned for any reason in this connection, though it be assumed for the moment that plaintiffs might impeach their own advised assignment as

inefficacious to the extent of the lien, or, as more probably was the purpose, that the attorney might control the execution for the collection of his fee, and though it be further assumed that such an assignment might be limited in its operation without the presence of the assignee, who might have intervened or might have been made a party to the proceeding by process (*Eslava v. Farley*, 72 Ala. 214), the burden rested upon the plaintiffs, or on their attorney if he was using the execution for the collection of his fee only, to reasonably satisfy the jury, not only that he had a lien, but to show the extent of it—the amount due to him as a fee. In this regard there was a total failure of the proof. It results that the general affirmative charge was properly given to the movant. Plaintiffs, or their attorney, having been denied no opportunity to prove the extent of his lien, all other rulings were innocuous.

We remark, in conclusion, that the effect of the judgment on the motion was not to destroy the original judgment, or to determine anything more than the issues litigated on the motion.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.