# Ireland *v.* Brown.

### *Assumpsit.*

(Decided December 17, 1912.   60 South. 559.)

1. *Justice of the Peace; Certiorari; Time.*—The provision of section 4714, Code 1907, that a cause cannot be removed from a justice court by certiorari after six months from the rendition of the judgment, is mandatory, and the parties could not confer jurisdiction to review such a judgment on the circuit court by certiorari not issued until after the expiration of such time.

2. *Appeal and Error; Judgment to Support; Void Judgment.*—Where the judgment in the justice court was rendered more than six months prior to the issuance of the certiorari, the judgment of the circuit court thereon under the said certiorari was a nullity, and would not support an appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by J. S. Ireland against W. A. Brown, begun in the justice court and certioraried to the Circuit Court more than six months after the rendition of the judgment in the justice court. From a judgment in the circuit court annulling the judgment in the justice court, the plaintiff appeals. Appeal dismissed.

H. A. DICKERSON, for appellant. The provisions of section 4714, Code 1907, are mandatory, and after six months have expired from the rendition of the judgment in the justice court, it cannot be reviewed on certiorari by the circuit court.—*Grantham v. Payne*, 77 Ala. 584. The judgment had become final and absolute,

[Ireland v. Brown.]

and no jurisdiction was acquired.—*Crowe v. Cook,* 123 Ala. 657; *Lusk v. Capehart,* 129 Ala. 399.

F. E. BLACKBURN, for appellee. The regularities of the proceedings and the authority of the court is conceded where issue is joined and trial and verdict is had without objection.—*Marston v. Carr,* 76 Ala. 325; *Ware v. Rope,* 47 Ala. 667; *B. L. & A. Co. v. First Nat. Bank,* 13 South. 945; *Barnett v. Tarrence,* 23 Ala. 463; *Jacobs v. Moragne,* 1 Daly 523.

WALKER, P. J.—The judgment of the justice of the peace in this case was rendered more than six months before the institution of the certiorari proceedings by which the case was sought to be removed into the circuit court. The provision of the statute (Code, § 4714) that "no cause can be removed from a justice's court after six months from the rendition of the judgment, by certiorari" is mandatory. The certiorari proceedings were ineffectual to remove the case into the circuit court, and the parties could not by consent confer on that court a jurisdiction which the statute withholds. That court not having acquired jurisdiction, its judgment is a nullity, and will not support an appeal. It follows that the appeal must be dismissed.—*State of Alabama ex rel. Crow v. Crook,* 123 Ala. 657, 27 South. 334; *Lusk v. Capehart,* 129 Ala. 599, 30 South. 31; *Gardner v. Ingram,* 82 Ala. 339, 2 South. 879.

Appeal dismissed.