# City of Piedmont *v.* Lee.

### *Violating Municipal Ordinance.*

#### (Decided April 6, 1915.   68 South. 574.)

1. *Municipal Corporation; Violating Ordinance; Appeal; Bond.*— On an appeal from a conviction in a recorder's court, a bond made payable to the mayor and council, but not approved by the recorder, nor conditioned for appearance from term to term until discharged, as required, was insufficient to support an appeal.   (Section 1217, Code 1907.)

2. *Same.*—The evidence examined and held insufficient to show that the recorder trying the case was out of the city, and therefore unable to approve the appeal bond.

APPEAL from Calhoun Chancery Court.

Heard before Hon. W. W. WHITESIDE.

George Lee was convicted of violating a city ordinance, and he applied for habeas corpus, and from an order granting the writ, the city appeals.   Reversed and rendered.

KNOX, ACKER, DIXON & STERNE, for appellant.

W. J. BROCK, for appellee.

BROWN, J.— (1) The petitioner was tried and convicted by the mayor of the city of Piedmont, sitting as recorder (as we will assume, as the case is thus treated), for a violation of a city ordinance.   So far as the record shows, without applying to the recorder who

tried the case to fix the amount of bond for his appearance before the city court to answer these charges, he presented to the recorder two bonds with a penalty of $110 each, payable to "the mayor and city council of Piedmont, Alabama," and conditioned, "now, if the said George Lee shall appear at the next term of the city court and from time to time thereafter to answer said charge, then this bond shall be void, otherwise to remain in full force and effect," neither of which was signed by the defendant. The recorder refused to accept and approve either of these bonds, and within five days thereafter the same bonds, after they had been signed by the petitioner, were presented to S. J. Posey, who is designated in the petition as "mayor pro tem.," and who the petition avers "was the proper person to approve of such bonds," and that he failed or refused to approve them.

The petitioner's contention seems to be that section 1217 of the Code regulated the right of appeal in his cases, and that he was entitled to have these bonds approved by Posey as mayor pro tem., and that, Posey having failed or refused to approve the bonds, he is illegally restrained of his liberty and entitled to be discharged, notwithstanding his conviction was proper and the judgments of the recorder are valid. It is a complete answer to this contention that the bonds were not payable and conditioned as required by the statute, which provides: "The defendant may take an appeal to such court by giving bond  *  *  *  payable to the city, to be approved by the officer or recorder trying the case, conditioned to be void if the defendant appears from term to term of said court, until discharged by law, to answer said charge, and unless such bond be given within five days from the date of the judgment no appeal

[City of Piedmont v. Lee.]

shall be allowed from such judgment. An appeal bond for more than three hundred dollars shall in no case be required."—Code 1907, § 1217.

(2) There is nothing in the record to show that Posey was mayor pro tem., or that he had any authority to approve the bonds presented to him. The mere showing that Brock inquired for the mayor at the city hall and at his place of business does not justify the conclusion that he was out of the city, or that he was not able to perform the functions of his office, or was otherwise disabled, so as to justify another in assuming the duties of the office under the provision of section 1188 of the Code.

The contention here is, not that the judgments of the recorder's court are void and will not support an appeal to the city court, but, to the contrary, that they will support an appeal which has been denied by the neglect or refusal of the officer to accept and approve the appeal bonds, and, it appearing that the defendant has not complied with the statute giving and regulating the right of appeal from the judgments of conviction rendered against him, the order of the chancellor must be reversed, and one here entered denying the writ, dismissing the petition, and remanding the petitioner to the custody of the city authorities.

Reversed and rendered.