# Wallace *v.* F. W. Cook Brew. Co., *et al.*

### Bill to Enjoin Enforcement of Judgment at Law.

(Decided May 11, 1916. 72 South. 93.)

1. **Execution; Relief; Statutory Remedy.**—Under § 3256, Code 1907, relief is to be administered on those equitable principles which apply to proceedings under supersedeas, or the common law writ of audita querela, and the movant is entitled to relief whenever plaintiff has no just reason to enforce his process.

2. **Same; Abuse of Process; Remedy.**—Where the authorized agent of a plaintiff obtaining a default judgment against complainant has marked the record of the judgment satisfied, thereby cancelling it, and there is nothing due on the judgment, complainant is entitled to relief not by bill in equity to enjoin the enforcement of the judgment but by motion in the lower court under the provisions of § 3256, Code 1907; the Local Acts establishing the Law and Equity Court (Local Acts 1907, p. 203, § 21), providing that nothing therein should prevent the exercise of any power conferred upon the circuit court touching final judgments.

3. **Same.**—A bill was without equity and properly dismissed where under the averments of the bill the remedy at law was plain, adequate and complete.

APPEAL from Morgan Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by Bluitt P. Wallace against the F. W. Cook Brewing Company, and others, to enjoin the enforcement of a judgment at law. From a decree for respondents complainant appeals. Affirmed.

O. KYLE, for appellant. WERT & LYNNE, for appellees.

GARDNER, J.—The bill in this case was filed to enjoin the enforcement of a certain judgment recovered by the respondent the F. W. Cook Brewing Company against the complainant in the law and equity court of Morgan county. The bill shows recovery of the judgment by respondent against complainant in the justice court and an appeal by the latter to the law and equity court. In the fourth paragraph it is alleged that during the pendency of said cause in the law and equity court a settlement and compromise was made between complainant and one Mulligan, who was the agent and representative of the said brewing company, a foreign corporation, Mulligan being authorized to act in the premises and to settle the suit, and that, notwithstanding the settlement, one Stout, who also claimed to be agent of said company, took judgment by default against the complainant. It is further averred in said paragraph that it was agreed between complainant and Mulligan at the time of the said settlement that the cause would be dismissed, upon which agreement complainant relied. In the seventh paragraph it is alleged that the complainant was not informed of the rendition of said judgment until more than 30 days after the same had been rendered. The fifth paragraph reads in part as follows: "Complainant avers that on the 6th day of March, 1914, after the rendition of said judgment by said Morgan county law and equity court, complainant called the attention of the said J. W. Mulligan, as agent of respondent F. W. Cook Brewing Company, to the fact that said judgment had been rendered, and the said Mulligan, as agent, * * * marked the record judgment in said Morgan county law and equity court 'Satisfied,' thereby canceling the said judgment. Complainant further avers that by reason of the said settlement with the said J. W. Mulligan as aforesaid at the time of the filing of the bill in this cause there was nothing due whatever on said judgment."

(1) It thus appears from the bill, reduced to its last analysis, that complainant's case for relief rested on the facts that the judgment was satisfied, that this satisfaction was duly entered of record, and that this cancellation was entered by one authorized to act in the premises, and that execution was issued and a levy threatened thereunder.

Section 3256, Code of 1907, provides, among other things, as follows: "The circuit court has power after final judgment * * * to secure parties or privies in their rights against any

[Wallace v. F. W. Cook Brew. Co., et al.]

oppression or abuse of execution, or other process, or upon any release, discharge, or payment after judgment."

Speaking to the question of the statutory remedy against the abuse of execution or other process issued by the circuit court, it was said in *Smith, Stewart & Co. v. Dean,* 166 Ala. 116, 52 South. 335: "It is to be administered on those equitable principles which apply to proceedings under the writ of supersedeas, and entitles the movant to relief wherever the plaintiff has no just reason to enforce the process."

And, speaking to the same subject, this court in the recent case of *Henderson v. P. & M. Bank,* 178 Ala. 422, 59 South. 494, said: "The proceeding in this state is a substitute for the ancient writ of audita querela. In the case of *Thompson v. Lassiter,* 86 Ala. 540, 6 South. 34, it is said: 'In our practice, the proceeding by supersedeas is substituted for the writ, and generally will lie in the cases in which a writ of audita querela would lie at common law. Matter which operates an equitable satisfaction of a judgment may be inquired into by this proceeding, and an execution issued to enforce the judgment may be superseded and vacated; but matters which go behind the judgment cannot be inquired into.'"

(2) In the bill it is unequivocally averred that Mulligan had full authority to act in the premises, and marked the record of said judgment as satisfied, and thereby canceled the same, and that nothing is due on said judgment. The bill therefore shows a full and complete release and discharge of the judgment, valid and binding under the averments as contained therein. We are therefore of the opinion that the remedy was not by a bill in equity, but by a motion in the law and equity court under the provisions of Code, § 3256, to prevent an abuse of process of that court.

Counsel for appellant seems to rest under the apprehension that on account of the wording of the local act of the Legislature establishing the law and equity court of Morgan county the lapse of 30 days after its rendition places a judgment beyond the control of the court for any purpose. Section 21 of the act approved February 25, 1907, establishing the Morgan county law and equity court (Local Acts 1907, p. 193), provides that after the expiration of 30 days from the rendition thereof final judgments rendered in said court shall be deemed as completely beyond the control of the court as if the term of said court had

ended at the expiration of 30 days. It is provided in said section, however, that nothing therein shall prevent parties from applying to said court for a rehearing under the statute authorizing the same, in the circuit court, nor prevent the court from the exercise of any power or jurisdiction conferred upon the circuit court touching final judgments.

The provisions of section 3256 of the Code give the circuit court power to secure parties against the abuse of process issuing from said court after final judgment, and the above-quoted provision of section 21 of the act establishing the Morgan county law and equity court was clearly designed to secure to that court this same power. There was therefore nothing in the local act which stood in the way of complainant's seeking relief in that court.

(3) The remedy at law, under the averments of the bill, being plain, adequate, and complete, the bill was without equity, and the chancellor's decree to that effect was therefore correct.— *Bolen v. Allen,* 150 Ala. 201, 43 South. 202; *Baldridge v. Eason,* 99 Ala. 516, 13 South. 74.

It becomes unnecessary, from this view of the case, to enter into any discussion of the insistence of counsel as to setting aside a judgment for fraud, etc. Several of our cases are reviewed upon this phase of the question in *Hendley v. Chabert,* 189 Ala. 258, 65 South. 993.

It results that the decree of the chancery court must be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.