THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDGAR O. HAYES, Appellant, v. MAURICE J. POPE, Sheriff of the County of Broome, Respondent.

Third Department, January 14, 1931.

*Ellsworth Baker*, for the appellant.

*John D. Lyons* [*Nellie Childs Smith* and *Blake Washington* of counsel], for the respondent.

VAN KIRK, P. J. The appeal here is from the order, made by Mr. Justice RHODES August 9, 1930, which dismissed a writ of habeas corpus and sustained the warrant of commitment made by Mr. Justice WITSCHIEF July 29, 1930. No other question is presented on this appeal.

The relator's first point is that the warrant of commitment was served upon relator while he was still in custody under a former warrant of commitment made by Mr. Justice TOMPKINS January 8, 1930, " and while two proceedings were pending between the same parties for the same object."

It is true that the first habeas corpus proceeding was pending when the second warrant of commitment was granted and when relator was still in custody under the first warrant. In *Lewis* v.

*Maloney* (12 Hun, 207, 208) it is said: " Where there are two proceedings pending between the same parties for the same object, the proceedings first commenced are a bar to those commenced afterwards. The principle governing such cases is that, if full relief can be had in the one proceeding, or action, no other shall be allowed. (*Rogers* v. *King*, 8 Paige, 210; *Groshon* v. *Lyon*, 16 Barb. 461, in which the case of *Rogers* v. *King, supra*, is fully approved.) " Where a party cannot in the first proceeding obtain the relief to which he is entitled, its pendency is not a bar to a second proceeding to obtain that relief. (*Matter of Hood*, 27 Hun, 579, 581; revd. on other grounds, 90 N. Y. 512.) It is apparent that, under the decision of Mr. Justice RHODES, rendered when he sustained the writ of habeas corpus and discharged the relator, the judgment creditor could not obtain the relief he sought under the first warrant. But the relator urges that this was not known when the warrant was issued, and that no order has been made vacating or annulling the first warrant. It is the fact that no formal order vacating the warrant has been entered, but the decision was made in open court, on the application of the relator, who was thereupon released from custody on the ground that the warrant was invalid because prematurely issued. Having secured his relief under the decision which he asked, he may not now have a ruling that the judgment creditor could secure the relief to which he is entitled under the invalid warrant. The judgment creditor may have the formal order and enter it at any time. Until the decision of Mr. Justice RHODES is reversed on appeal it stands as the law of the case between the parties. Before the second warrant was applied for, the writ under which the first warrant was reviewed had been issued and served. Apparently both parties thought the first warrant was invalid; being invalid, the judgment creditor could not obtain his rights thereunder and a second warrant was necessary. We do not think the rule invoked by the relator has been violated; relator could not again be held under the first warrant.

We have then to consider the validity only of the second warrant of commitment issued on July 29, 1930. The contempt order made January 8, 1930, which was affirmed (230 App. Div. 710), determined every question relating to its validity and the estoppel of the order extends to every material matter within the issue. whether expressly litigated or not. (*Reich* v. *Cochran*, 151 N. Y. 122, 127.) This contempt order was one of the papers before the court when this warrant of commitment was made. The warrant sets forth *in extenso* the matters contained in that contempt order and then adjudges " that the said Edgar O. Hayes, judgment

debtor, is guilty of the contempt charged against him in that he has failed, neglected and refused to pay the fine of $21,769.96, specified in the aforesaid order, and/or to submit or offer to submit to examination before the referee as aforesaid, and that such failure, neglect and refusal were calculated to and did defeat, impair, impede or prejudice the rights and remedies of the judgment creditor.

" Now, therefore, you are hereby commanded that you take the body of the said Edgar O. Hayes, and him closely and safely keep in your custody in the common jail of your County   *   *   *."

While in this order it is adjudged that the judgment debtor is guilty of contempt in failing to pay the fine before imposed, and in failing to appear or offer to appear and be examined, it was in fact a warrant of commitment under the original contempt order addressed to the sheriff of any county of the State of New York.

Mr. Baker, attorney for the relator, appeared at the second hearing before Mr. Justice RHODES, where he conceded that a warrant of commitment was issued by Mr. Justice WITSCHIEF. He conceded that the contempt order of January 8, 1930, was served upon him; also that the affidavit of John D. Lyons, certified copy of Judge TOMPKINS' order and proof of service of Judge TOMPKINS' order were served on the relator by delivering to and leaving with him in Broome county court house copies thereof. The Judiciary Law, section 770, provides: " Final order directing punishment.  If it is determined that the accused has committed the offense charged; and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding, brought in the court, or before the judge or referee; the court, judge, or referee must make a final order accordingly, and directing that he be punished by fine or imprisonment, or both, as the nature of the case requires. A warrant of commitment must issue accordingly."  The facts which are required in this section were established and determined. The warrant of commitment was, therefore, authorized.

It is urged, however, that no personal demand or payment has been made as required by section 756 of the Judiciary Law, which reads as follows: " Issue of warrant without notice.  Where the offense consists of a neglect or refusal to obey an order of the court, requiring the payment of costs, or of a specified sum of money, and the court is satisfied, by proof, by affidavit, that a personal demand thereof has been made, and that payment thereof has been refused or neglected; it may issue, without notice, a warrant to commit the offender to prison, until the costs or other sum of money, and the costs and expenses of the proceeding, are paid, or until he is discharged according to law."

We think this section does not apply: *First,* because the order was not issued without notice. Concededly the judgment debtor had notice and appeared generally by his attorney in the proceeding. *Second,* this section applies only where the offense is the refusal to make payment of a sum of money in obedience to the order of the court. The offense in this case was the original offense of refusing to obey the order in supplementary proceedings. The $21,000 was a fine imposed for that offense and this warrant is a warrant of commitment to enforce the original order of January 8, 1930. The offense in that order was not a refusal to obey an order of the court requiring the payment of a sum of money. It is established that this original order was personally served upon the judgment debtor. It is the order from which the judgment debtor appealed and there can be no question that it was served upon him and he knew its contents.

The order should be affirmed.

All concur.

Order affirmed.