145 So. 591

## WILSON v. STATE.

### 6 Div. 266.

Court of Appeals of Alabama.
Jan. 10, 1933.

C. E. Mitchell, of Hamilton, and Hollis Brown, of Fulton, Miss., for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thomas Seay Lawson, Asst. Atty. Gen., for the State.

**BRICKEN, P. J.**

The appellant, defendant below, was put upon trial under count 2 of the indictment which originally contained two counts. The court in its oral charge instructed the jury that the state, through its solicitor, elected to nol pros the first count, which order was entered by the court. The trial resulted in his conviction under said count, which charged him with the offense of having, etc., a still in possession to be used for the purpose of manufacturing prohibited liquors, etc.

■ Before entering upon the trial of this case the defendant filed what is termed a plea in abatement insisting, in effect, "that he was a citizen of Mississippi, and that he had been unlawfully arrested in Mississippi for an alleged violation of the laws of Alabama, and was unlawfully removed to the State of Alabama without the required authority of the laws of Mississippi, and the Governor of the State of Mississippi." And in ground 3 of said plea, he "claimed his legal rights as a bona fide citizen of the State of Mississippi, and offered said plea in bar to a further prosecution of this suit." The record discloses that he was arrested on August 7, 1931, and that he made bond on August 9, 1931, for his appearance at the next term of the circuit court of Marion county, which transactions appear to have occurred in Marion county, Ala. Pretermitting the foregoing, the court properly held that the alleged matters, made the basis of said plea, were no defense to the charge contained in the indictment against the accused. The law (Code 1923, § 4890) is: Every person, whether an inhabitant of this state, or any other state or county, is liable to punishment by the laws of this state for an offense committed therein, except when it is by law exclusively cognizable in the United States courts.

■ The action of the court below in overruling the motion for a new trial is not presented for consideration by this court. In seeking a review by the appellate courts upon the ruling of the lower court overruling a motion for a new trial, the statute does not require that the motion and judgment thereon shall be set out in the bill of exceptions, but under the statute (Code 1923, § 6088) it is mandatory that the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling thereon, and an exception thereto. These are the express terms of the statute, and innumerable decisions to this effect are cited in Shepard's Alabama Citations, vol. 13, No. 1, pp. 414, 458, 459. The bill of exceptions in the present case makes no mention of a motion for a new trial, or any ruling thereon, or exception thereto; therefore, as stated, the question is not presented for review. Martin v. State, 216 Ala. 160, 113 So. 602.

The few exceptions reserved to the rulings of the court upon the evidence have each been examined. They are without merit. The evidence in this connection related to the res gestæ and was, therefore, admissible.

■ The affirmative charge requested by appellant was not in point and was properly refused. The evidence was in conflict and therefore presented a jury question. The accused admitted when testifying in his own behalf that he went to the still in question on the morning of the day it was raided; that he was the first person to reach the still on that day; that he remained there several hours and until the raid was made by the officers at which time he was arrested. He denied, however, that he did any work at the still or exercised any act of ownership or possession. The testimony of the state's witnesses, however, tended to show that he was busily engaged in setting up the still, daubing it with mud, etc., and that when the raid was finally made, after having waited several hours while the men, including this appellant, were working at and about the still, this appellant drew a pistol from his pocket which was taken from him by the officers. The state's evidence also tended to show that this appellant was barefooted with his overalls rolled up, that there was mud on his overalls similar to the mud daubed upon the still, and that his clothes, watch, etc., were hanging up on the limb of a tree near by, all of which he put on after the arrest was made. These facts, with others of like import, presented a question of fact for the determination of the jury. The court properly submitted the case to the jury.

■ Appellant insists in his third assignment of error that "the court erred in requiring the defendant to tell who was present at the still thereby being required to give testimony against himself." This exception cannot avail the defendant. The fundamental law is that in all criminal prosecutions, the accused has a right to be heard by himself and counsel or either; also to testify in his own behalf, if he so elects. In other words, he cannot be compelled to give evidence against himself, but when he avails himself of his right to testify and becomes a witness on his own volition in his behalf, the rules of evidence applying to the examination of witnesses apply to the accused when testifying in his own behalf, and notwithstanding he is the defendant he is subject to cross-examina-

tion and also to impeachment in like manner applicable to other witnesses.

No other questions are presented. Finding no error of a reversible nature in any ruling of the court, and the record being regular and without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.