167 So. 294

## BRADLEY v. BENTLEY.

### 7 Div. 376.

Supreme Court of Alabama.

April 9, 1936.

Merrill, Jones & Whiteside, of Anniston, for appellee.

Ross Blackmon, of Anniston, for appellant.

GARDNER, Justice.

The history of the litigation between these parties is found in Bradley v. Bentley, 231 Ala. 28, 163 So. 351, 358.

The suit was in detinue, and plaintiff therein rested for recovery upon a mortgage. Upon final determination of the cause, defendant Bentley paid the full amount due the plaintiff on the mortgage with interest and attorney's fee, together with all court costs. But the detinue judgment included $110 for detention of the property, and plaintiff insists she is also due this amount.

■ Bentley filed petition under section 6682, Code 1923 (to be considered in connection with section 7856, Code 1923; Smith, Stewart & Co. v. Dean, 166 Ala. 116, 52 So. 335), to have the judgment marked satisfied upon the theory of payment. Henderson v. Planters' & Merchants' Bank, 178 Ala. 420, 59 So. 493; Wallace v. F. W. Cook Brewing Co., 196 Ala. 245, 72 So. 93; Smith, Stewart & Co. v. Dean, supra.

From the judgment granting relief, the plaintiff in the detinue suit has prosecuted this appeal.

Reliance is had for appellant, upon the theory that the legal title was in the plaintiff mortgagee (Harmon v. Dothan Nat. Bank, 186 Ala. 360, 64 So. 621), and that the usual rule of recovery of damages for detention in detinue suits should prevail. Section 7392, Code 1923; · Ex parte Allen, 166 Ala. 111, 52 So. 44.

But we think the argument overlooks the relationship of the parties as expressly noted in the opinion on former appeal (Bradley v. Bentley, supra), wherein the following language was used: "The suit in this respect seeks to recover, under the mortgage, the specific chattels conveyed thereby. Assuming that plaintiff is finally successful in recovering possession of the property, her relation thereto will be that of mortgagee in possession. The property must be sold, agreeable to the terms of the mortgage, to satisfy, not the entire amount represented by the mortgage, but the amount actually paid by Mrs. Bradley (by the proceeds of her part of the rent cotton), and any surplus must be paid over to the mortgagor, or any one succeeding to his right to the surplus."

A somewhat similar principle was involved in Singer v. National Bond & Investment Co., 218 Ala. 375, 118 So. 561, wherein the judgment of the trial court, guarding against more than one satisfaction of the mortgage claim, was here approved. Illustrating a like principle is the action of trover where plaintiff's title is based on a mortgage, and where it is held the measure of damages is the amount of the mortgage debt and interest not to exceed the value of the property. Ryan v. Young, 147 Ala. 660, 41 So. 954.

■ True, there was no suggestion to ascertain the amount of the mortgage debt, as provided by section 7400, Code 1923. But there may have been no actual dispute as to the amount due and no need for such suggestion. In any event, we do not consider that a failure of the mortgagor to avail himself of the privilege of this statutory provision would serve to award to the mortgagee more than his full debt, with interest.

■■ As observed in the quotation from the opinion on former appeal, the plaintiff in acquiring possession by detinue is in possession as mortgagee for foreclosure, a trust relationship, and is in no position to obtain advantage merely by reason of the form of action. Our statute (section 6682, supra) is intended as a remedy against the abuse of process, and is to be administered upon equitable principles. Matter which operates as an equitable satisfaction of a judgment may be inquired into. Wallace v. F. W. Cook Brewing Co., supra.

We are therefore of the opinion that petitioner here has shown an equitable

satisfaction of the judgment, and that the trial court correctly so ruled.

The judgment is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.