.33 So.2d 349

**Ex parte SELLERS.**

**6 Div. 630.**

Supreme Court of Alabama.
Jan. 15, 1948.

Newton & Selman, of Jasper, for petitioner.

Chas. E. Tweedy, Jr., of Jasper, for appellee.

88

**SIMPSON, Justice.**

Certiorari seeking to revise a contempt proceeding against petitioner, Albert Sellers, arising out of a controversy with his former wife Peggy Sellers, over the custody of their infant son. The parties had been divorced and this proceeding arose out of the enforcement of that phase of the case relating to the custody of the child.

Half-time custody had been awarded to each parent consecutively by previous decree in the cause, one stipulation of which was that the child should not be removed from the state. Petitioner wilfully violated this specific direction and in so doing was subject to be proceeded against as for a contempt.

He was so proceeded against in 1946, but due to his continued absence from the state the contempt judgment was entered without personal notice to him. On July 27, 1947, he was arrested under this judgment, but the court, considering the order to be void for lack of notice of the proceeding, ex mero motu, rescinded the same. In this order of rescission, however, the court, on the original petition of Peggy Sellers, duly directed the issuance of a rule nisi to petitioner to show cause why he should not be held in contempt for violating the court's decree in removing the child from the state, and pending the hearing thereon directed the sheriff to retain the petitioner in his custody because the "said Albert Sellers had been out of the State of Alabama, and not subject to the jurisdiction of the court for a considerable period of time." On a hearing on this last citation he was found guilty and ordered to be recommitted to jail until he should purge himself of the contempt by returning the child to the state to be subject to the jurisdiction of the court.

The point for decision is: Is this last proceeding void for lack of jurisdiction, by thus acquiring jurisdiction of the petitioner?

■■ We should first take notice of the limited review by certiorari and that only questions of law will be reviewed. (Royster & Haardt v. Morgan, 245 Ala. 496, 17 So.2d 582; Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824); that it is not regarded as a writ of right but rather as one which is. discretionary with the reviewing court and issued to promote the ends of justice, no other adequate remedy being available (N. W. Smith Lumber Co. v. Alabama Public Service Commission, 247 Ala. 318, 24 So. 2d 409); and if, and only if, the proceedings are void on their face or error is manifest and substantial injury has been sustained will the writ be allowed. Ex parte Dickens, 162 Ala. 272, 50 So. 218; Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 187 So. 632, 123 A.L.R. 1337.

■■ It should also be noted that this is a civil contempt case to coerce the defendant into compliance with the court's. order (Ex parte Dickens, supra; United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 714, 91 L.Ed. 884); that "it was not necessary for the court to abide by all the procedural safeguards which surround trials for crime" (United States v. United Mine Workers of America, supra), and that the court had power summarily to coerce obedience to its orders and to subject defendant to such conditional sanctions as were necessary to compel obedience. United States v. United Mine Workers, supra.

■ Our view is, the proposition must be resolved against the contention of petitioner and that the judgment of the circuit court must be affirmed. Petitioner was voluntarily within the jurisdiction of the court when first taken into custody under the original order and whether that order was void or not it would not pretermit the second proceeding. People ex rel. Hayes v. Pope, 231 App.Div. 279, 247 N.Y.S. 393.

■ In a civil case, though a party cannot be inveigled into the jurisdiction of the court by a proceeding fraudulently conducted for the purpose of serving him with process (21 C.J.S., Courts, § 83, Notes 22 and 23; 50 C.J. 488, § 92), that is not this case. Here petitioner was not brought from a foreign jurisdiction to the jurisdiction of the court for the fraudulent purpose of having him served with process. He was already voluntarily within the confines of the court's jurisdiction and his incarceration was merely under the allegedly void decree by virtue of an arrest made in the jurisdiction for a conceded violation of its order. Therefore, if it be assumed that the first sentence of contempt was invalid, it could not be said that the whole proceedings were void for want of jurisdiction.

Even in criminal cases it has been authoritatively asserted that the fact that the accused had been wrongfully arrested and brought within the territorial jurisdiction of the court, the court's authority over the defendant is not thereby ousted. Wilson v. State, 25 Ala.App. 298, 299, 145 So. 591, citing Alabama Code 1923, § 4890, Code 1940, Title 15, § 90; 22 C.J.S., Criminal Law, § 146.

A further observation on the point under consideration may not be out of order. Petitioner had for a long time been flaunting his violation of a solemn mandate of the court, had placed himself beyond its jurisdiction and rendered it impotent to enforce its decree. There is respectable authority to sustain the validity of the first contempt order entered under such circumstances without notice to the contemnor. Barclay v. Barclay, 184 Ill. 471, 56 N.E. 821; Pitt v. Davison, 37 N.Y. 235; Fairchild v. Fairchild, N.J.Ch., 13 A. 599; Davis v. Davis, 83 Hun. 500, 32 N.Y.S. 10; People ex rel. Osborne v. County Canvassers Dutchess Co., Sup., 20 N.Y.S. 329; Ex parte Petrie, 38 Ill. 498.

We also call attention to the case of Ex parte Walker, 25 Ala. 81, which expounds a principle bearing close analogy to the proposition under consideration, wherein is the holding that where the refractory party is in court and has personal notice of the order he disobeys, it is not necessary that he should be served with a writ of execution of such order or with notice that a motion would be made for an attachment against him.

■ The rule, of course, is different in constructive criminal contempt cases, where a notice to show cause is a prerequisite to transacting the proceedings. Ex parte Bankhead, 200 Ala. 102, 75 So. 478.

■ The other insistences for error, sufficiently argued to invite a review, relate to rulings regarding matters of fact and are out of order for treatment here under the limited review obtaining.

The judgment of the lower court is affirmed and on the failure of the petitioner to comply therewith within thirty days hereof, the certiorari bond given as a premise for this review will be ordered forfeited and execution issued thereon according to its condition.

Judgment affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.