44 So.2d 607

**CITY OF BIRMINGHAM v. REED.**
**6 Div. 841.**

Court of Appeals of Alabama.
July 19, 1949.

Rehearing Denied Oct. 5, 1949.

Chas. H. Brown, Asst. City Atty., of Birmingham, for petitioner.

Geo. E. Trawick, of Birmingham, for defendant.

HARWOOD, Judge.

Emily Reed, after conviction and sentence in the Recorder's Court of the City of Birmingham for a violation of an ordinance pertaining to lotteries perfected her appeal from said conviction to the Circuit Court for the Tenth Judicial Circuit. She demanded a jury trial in the Circuit Court.

Said cause on appeal was docketed in the Criminal Division of said Circuit Court and regularly set for trial on January 18, 1949.

On January 18, 1949 the cause was called for trial, and Emily Reed failed to appear, and good cause not being shown for her absence and default not being shown, a forfeiture was then and there entered on her appeal bond, and on motion of the attorney representing the City the appeal was on that same day dismissed and the judgment of the Recorder's Court was reinstated and made final.

Thereafter, on March 1, 1949, on motion of Emily Reed, and over the objection of the Attorney for the City, an order was entered by the judge of the Tenth Judicial Circuit, before whom the cause had been previously pending, setting aside the order of dismissal and reinstating said appeal.

On March 16, 1949 the City filed a motion requesting said Court to set aside and expunge the order of March 1, 1949, on the grounds that it was void and without authority of law. This motion was stricken on motion of Emily Reed.

On April 12, 1949 the City of Birmingham filed in this court a petition for a common law writ of certiorari from this court to the said Circuit Court ordering that the certified full and complete record of all

proceedings in the Circuit Court in said cause be forwarded to this court for review. It was further prayed in said petition that if upon consideration of the record in the cause below it be determined that said order of March 1, 1949, setting aside the dismissal and purporting to reinstate the appeal to the Circuit Court, is invalid, that same be quashed.

On that same day, April 12, 1949, this court issued a writ of certiorari requiring the record in the cause below be certified to this court, returnable on May 17, 1949. It was further ordered that proceedings in the lower court in said cause be stayed pending disposition of the proceedings in this court.

Examination of the records duly forwarded to this court pursuant to said order reveal the facts which have above been set out.

Motion to dismiss the petition for writ of certiorari and order issued pursuant thereto was filed in behalf of Emily Reed on May 17, 1949. The grounds in support of said motion to dismiss are briefly that it appears affirmatively from the facts and petition that the lower court had jurisdiction of the cause at the time the order complained of was issued; that no demurrer was filed to the motion on which the order was based nor was any plea filed thereto; that no appeal was taken from said order complained of, and the time for perfecting such appeal. expired prior to the filing of the petition for a writ of certiorari.

The ultimate question, the answer to which is decisive in this case, is, did the circuit court have jurisdiction of the cause when it entered its order setting aside the order of dismissal and reinstating the cause to the docket? Interpretation and application of Section 588, Title 37, Code of Alabama 1940, would seem to supply the answer.

■ The petitioner has in our opinion invoked the proper remedy, for certiorari is appropriate to determine whether jurisdiction existed in the court below to enter the questioned order or judgment. McCulley v. Cunningham, 96 Ala. 583, 11 So. 694; Cushman v. Commissioner's Court, 160 Ala. 227, 49 So. 311; Ex parte State ex rel. Rush, 233 Ala. 345, 171 So. 630; Ex parte Sellers, 250 Ala. 87, 33 So.2d 349.

The precursor of Section 588, supra, first appears as Section 64 of an Act, approved August 13, 1907. See General Acts of Alabama 1907, p. 790. The provisions of said Act pertinent to this opinion are as follows: "Sec. 64. If such defendant fails to appear in the court to which an appeal was taken, when the case is called for trial, unless good cause is shown to the court for his absence or default, the court shall enter up a judgment of forfeiture on said bond against the defendant and his sureties, as is authorized or provided by law in criminal cases."

The above provisions were incorporated in the Code of 1907 as Section 1218, and were brought forward in the Code of 1923 in Section 1938.

Section 1938 of the Code of 1923 was amended by an Act approved September 14, 1935. See General Acts of Alabama, 1935, p. 1107.

As amended Section 1938 of the Code of 1923 was brought forward into the Code of 1940, and appears as Section 588 of Title 37 in said Code.

The provisions of Section 588, supra, pertinent to the question now being considered read: "Judgments on appeals from recorder's court; proceedings thereon.— If such defendant fails to appear in the court to which an appeal was taken, when the case is called for trial, unless good cause is shown to the court for his absence or default, the court shall enter up a judgment of forfeiture on said appeal bond against the defendant and his sureties as is authorized or provided by law in criminal cases, and a new warrant of arrest may issue from the court without any other authority therefor, and the court may also, on motion of the solicitor or his assistant where the prosecution is in the name of the state, or on motion of the attorney prosecuting for the city or town where the prosecution is in the name of the city or town, or in the absence of such motion ex mero motu, dismiss such appeal. *Upon the dismissal of such appeal, and by*

*the fact of such dismissal of such appeal, the judgment of the recorder's court against the defendant shall be reinstated and become final* and the clerk of such court to which such case was appealed, must, in writing, notify the mayor or other chief executive or the recorder of said city or town of the judgment of the court dismissing such appeal; *Provided, however, that the court to which said appeal was taken may, on motion of the defendant made within thirty days from the date of the order of dismissal,* set aside such dismissal and reinstate such appeal on such terms as the court may prescribe, for good cause shown by the defendant for his absence or default." (Italics ours.)

In connection with the legislative history of Section 588, supra, it is to be noted that in 1928, in Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406, the Supreme Court held that on appeal to the Circuit Court by one convicted in a Recorder's Court for violation of an ordinance, the trial is de novo in the Circuit Court, and if the accused failed to appear he was liable to the same penalties, forfeitures, and proceedings as is a defendant in case of a forfeited bail bond, but that the Circuit Court was without power under the then existing statute, Section 1938 of Code of 1923, to dismiss the appeal because of the non-appearance of the defendant in the Circuit Court.

We think it apparent that the amendment of 1935 evinced an intent on the part of the legislature to change the doctrine in respect to appeals from Recorder's Court as enunciated in the Thompson case, supra.

█ Emily Reed having been convicted in the Recorder's Court of the City of Birmingham had a statutory right to appeal to the Circuit Court. An appeal to an appellate court (in this case the Circuit Court) is not a vested right, but by grace of statute, and must be perfected and prosecuted pursuant to the provisions prescribed by the statute permitting such appeal. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Liverpool & London Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Lewis v. Martin, 210 Ala. 401, 98 So. 635. Emily Reed's right of appeal is given by Sections 587 and 588, Title 37, Code of Alabama 1940.

Part of the defendant's appeal remedy in perfecting her appeal from her conviction in the Recorder's Court to the Circuit Court, provides that on her failure to appear in the court to which her appeal was taken, such court may, on motion, or ex mero motu, dismiss such appeal. This the court did in the case under consideration on January 18, 1949, as provided in Section 588, supra. This same section, which gave the defendant her appeal remedy, also provides that when the court dismisses such appeal, the judgment of the Recorder's Court from which appeal was taken is reinstated and becomes final, provided however that the court to which the appeal was taken may, on motion of the defendant *made within thirty days* from the date of the order of such dismissal, set aside such dismissal and reinstate such appeal on such terms as the Court may prescribe, for good cause shown by the defendant for his absence.

█ The court's power to set aside its order of dismissal, a component part of the right of appeal, must be found, if at all, within the terms of Section 588, supra. When right of appeal is by statute, the provisions of the statute are mandatory and compliance therewith is necessary to jurisdiction. Ireland v. Brown, 6 Ala.App. 234, 60 So. 559. Clearly under the provisions of Section 588, supra, the Circuit Court's jurisdiction over the subject matter of Emily Reed's appeal in that case expired after thirty days from the date on which the order dismissing the appeal was rendered.

█ Jurisdiction of a court over the subject matter is at all times open to inquiry either on appeal or when the judgment rendered is collaterally attacked; and no consent, laches, or solicitation of the parties can cure such a defect. Whorton's Executors v. Moragne et al., 62 Ala. 201; Lewis v. Martin, 210 Ala. 401, 98 So. 635;

City of Piedmont v. Lee, 13 Ala.App. 567, 68 So. 574; Steele v. Town of Oxford, 25 Ala.App. 529, 149 So. 722; Gee v. Gee, Ala.Sup., 39 So.2d 406.[1] The Circuit Court being without jurisdiction of the subject matter because the motion of March 1, 1949 was made more than thirty days after dismissal, its action in attempting to set aside the dismissal and reinstate the appeal was coram non judice and void. Such being true, no action by the City of Birmingham by demurrer, plea, or otherwise is required to question the validity of such void action on appeal. Gee v. Gee, supra.

Counsel for Emily Reed further argues in his brief that the Circuit Court had jurisdiction to entertain the motion to set aside the order of dismissal by virtue of Section 128, Title 13, Code of Alabama 1940, which is as follows:

"The circuit court has power after final judgment:

"To correct any error in fact in the judgment or process apparent upon the whole record.

"To secure parties or privies in their rights against any oppression or abuse of execution, or other process, or upon any release, discharge, or payment after judgment."

The above section creates a substitute for the ancient common law writ of audita querela. Henderson v. Planters & Merchants' Bank, 178 Ala. 420, 59 So. 493. It is to be administered on those equitable principles which apply to proceedings under the writ of supersedeas, and entitles the movant to relief whenever the plaintiff has no just reason to enforce the process. Smith, Stewart & Co. v. Dean, 166 Ala. 116, 52 So. 335; Wallace v. F. W. Cook Brewing Co., 196 Ala. 245, 72 So. 93. The grounds of relief in proceedings under Section 128, supra, must rest either on facts occurring subsequent to the decree or judgment such as satisfaction, or, if it relates to antecedent facts must show fraud in the decree, or want of jurisdiction in the court, apparent on the face of the record. Furthermore, it has never been allowed to extend to matters arising anterior to the judgment. Ex parte Brickell, Judge, 204 Ala. 441, 86 So. 1; See also Merrill v. Travis, 248 Ala. 42, 26 So.2d 258.

In view of the above principles, we are clear to the conclusion that action of the lower court cannot be sustained by resort to Section 128, supra.

Being of the opinion that the order and judgment of the Circuit Court made and entered on March 1, 1949, purporting to set aside the previous order of dismissal and to reinstate the appeal, which had theretofore been dismissed on January 18, 1949, is void and coram non judice because not made within thirty days as required. it follows that we are of the further opinion that the motion of the City of Birmingham, filed on March 16, 1949, to set aside said order of March 1, 1949 and expunge same was well taken, and that the action of the lower court in striking this latter motion was erroneous.

A judgment is here rendered reversing the order granting Emily Reed's motion to strike the motion of the City of Birmingham to set aside the order of March 1, 1949 setting aside the previous order of dismissal and reinstating the appeal.

The writ of certiorari is hereby granted as prayed, and the judgment and order of the Circuit Court of March 1, 1949 purporting to set aside its previous order dismissing the appeal of Emily Reed from the Recorder's Court of the City of Birmingham is hereby quashed.

Writ awarded.

BRICKEN, P. J., not sitting.

On Rehearing.

HARWOOD, Judge.

In her application for rehearing filed in this cause appellant has questioned the constitutionality of the proceedings below.

She asserts that she was deprived of due process of law in that her appeal to the circuit court from her conviction in the Re-

corder's Court was not set down for trial in accordance with notice served on her.

This contention is without merit. In appellant's "Motion to Set Aside Order," filed in the court below it is stated that "Said cause came on for trial on November 30, 1948, at which time the defendant appeared in court to stand trial." Said cause at that time was continued to be reset with another case then pending in said court, said case being numbered 13456.

The "Order of Forfeiture and Dismissal of Appeal" entered by circuit court on January 18, 1949, states positively that; "It further appearing to the court that this cause was regularly set for trial on this day, and the defendant failing to appear," etc.

It therefore affirmatively appears from the record that the appellant's case was properly in court on January 18, 1949.

A plaintiff has the duty to follow his case in all its aspects until finally disposed of, and no duty rests on the court or its officers or the adverse party to advise plaintiff of the setting of the case for trial. Wetzel v. Birmingham Electric Co., 250 Ala. 267, 33 So.2d 882.

Appellant asserts in her proposition II in her brief in support of this application for rehearing that the relief prayed for by the petition for writ of certiorari cannot be granted for that it affirmatively appears that no accusation in due form was filed in the cause.

Without unduly burdening this extended opinion we think it suffices as an answer to this proposition to observe that the jurisdictional recitals in the appeal bond, made by appellant in perfecting her appeal to the circuit court, gave the circuit court jurisdiction of this cause. Chaney v. City of Birmingham, 32 Ala.App. 4, 21 So.2d 268.

Appellant further asserts in this application that the relief prayed for in the petition for writ of certiorari cannot be granted for the reason that the ordinance under which appellant was convicted is invalid and unconstitutional for want

of a standard. We are permitted to take judicial notice of ordinances of cities having a population of 200,000 or more. General Acts 1943, page 183.

The ordinance of the City of Birmingham under which appellant was convicted is as follows:

"Sec. 600. Possession of Lottery Tickets, Policy Slips, etc. "Any person who possesses any ticket, writing, paper, slip, document, memorandum, list, article, matter or thing of any nature of kind whatsoever, which is customarily or usually used in the operation of a lottery, policy game, or game of chance of any sort or kind, or which is of a kind which is customarily used in the operation of a lottery, policy game, or other game of chance of any sort or kind, shall, upon conviction be punished in the manner and within the limits specified by section 4. To constitute the offense created by this section it shall not be necessary that the ticket, writing, paper, slip, document, memorandum, list, article, matter or thing be actually used, or actually be in use or is yet actually to be used in the operation of a lottery, policy game or other game of chance. It shall not be a defense to the charge of possessing the ticket, writing paper, slip, document, memorandum, list, article, matter or thing that it or any of them so possessed have not actually been used or were not then being used, or were not intended to be used in the operation or in connection with the operation of a lottery, policy game or other game of chance. The possession forbidden by this section shall not apply to a possession had by a police, officer, sheriff, deputy sheriff or other peace officer, judge or attache of a court or an attorney, when such possession is connected with the prosecution or investigation of a violation of this section, but the burden of offering evidence that the accused's possession is under this exception shall rest upon the accused. Expert testimony shall be admissible to show that the ticket, writing, paper, slip, document, memorandum, list, article, matter or thing was customarily and usually used in the operation of a lottery, policy game, or other game of chance,

and expert testimony shall also be admissible to show the contrary. (Ord. 258-F.)"

 Appellant argues that under the above ordinance the possession of a simple tablet of paper constitutes an offense. We do not agree. The papers whose possession are forbidden under this ordinance are of a kind "customarily or usually used in the operation of a lottery, policy game," etc. Unless common sense and common knowledge be laid aside in interpretating the above quoted standardizing and limiting phrases, vagueness does not infect the ordinance.

The following observations by Chief Justice Taft, in United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 302, 66 L.Ed. 604, are pertinent to the ordinance now under consideration, such ordinance being aimed at conduct and acts highly detrimental to society, and which by common knowledge are carried out in such varied and complicated channels, and by such devious routes, as to prevent a detailed description of such acts in ordinances and statutes aimed at their suppression: "While the general rule at common law was that the scienter was a necessary element in the indictment and proof of every crime, and this was followed in regard to statutory crimes even where the statutory definition did (252) not in terms include it (Reg. v. Sleep, 8 Cox, C.C. 472, Leigh & C.C.C. 44, 30 L.J.Mag.Cas.N.S. 170, 7 Jur.N.S. 979, 4 L.T.N.S. 525, 9 Week.Rep. 709), there has been a modification of this view in respect to prosecutions under statutes the purpose of which would be obstructed by such a requirement. It is a question of legislative intent to be construed by the court. It has been objected that punishment of a person for an act in violation of law when ignorant of the facts making it so, is an absence of due process of law. But that objection is considered and overruled in Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 69, 70, 30 S.Ct. 663, 666, 54 L.Ed. 930 [935, 936], in which it was held that in the prohibition or punishment of particular acts, the state may in the maintenance of a public policy provide 'that he who shall do them shall do them at his peril and will not be heard to plead in defense good faith or ignorance.' Many instances of this are to be found in regulatory measures in the exercise of what is called the police power where the emphasis of the statute is evidently upon achievement of some social betterment rather than the punishment of the crimes as in cases of mala in se."

To like effect see also Smith v. State, 223 Ala. 346, 136 So. 270; Allen v. State, 33 Ala.App. 70, 30 So.2d 479.

Other propositions are urged in appellant's brief in support of her application for rehearing. These propositions have we think been sufficiently covered in the original opinion in this cause. We therefore refrain from further discussion.

Application overruled.