Samuel M. Gold, J.
This is an application for a special preference under CPLR 3403 to set the case down for trial on an early specified date. The action is to recover damages for the wrongful death of a New York decedent against a nonresident resulting from an out-of-State automobile accident, jurisdiction of our courts having been obtained by attaching defendant’s liability insurance policy through his insurer’s New York office, pursuant to the Seider v. Roth doctrine (17 N Y 2d 111). The problem here involved arises because of the holding in Simpson v. Loehmann (21 N Y 2d 305, particularly on rearg. 21 N Y 2d 900) that a nondomieiliary may defend on the merits such a New York action and, if his defense is unsuccessful, the recovery against him cannot be greater than the amount of 'the policy. This principle of a“ limited appearance ’ ’ is now being written into law by a 1969 Judicial 'Conference Proposal, effective September 1, 1969, amending CPLR 320 to permit a nondomieiliary defendant to make a limited appearance, defend on the merits and yet avoid a personal judgment in excess of the property attached, where the attachment is the basis of jurisdiction.
Plaintiff does not know the amount of this defendant’s insurance policy but assumes that it will not cover her damages. She states that she intends to proceed with an action against defendant in his State to recover a personal judgment for her damages in excess of the policy amount, which she assumes must await the determination of this New York action. Being concerned with the running out of the Statute of Limitations, she *672 seeks an early .trial to obtain such determination and subsequent service upon defendant in the second action before the expiration of the statute.
The determination of this application affects not merely this case but all the Beider-based cases. What plaintiff is contending for is actually the establishing of an entire category of cases to obtain special preferential treatment to the prejudice of the other personal injury eases on the calendar. In practically every one of the Beider-based cases plaintiff can claim that the damages sought exceed the policy amount, if known, and obviously so where the policy amount, as here, is unknown. And practically all these personal injury actions, unless a special preference is granted, will not be reached for trial before the expiration of the Statute of Limitations applicable to a subsequent action in personam for any excess. Also, in some cases, where the action was commenced some time after the accident with prolonged pretrial proceedings or intermediate appeals, even a special preference would be unavailing to avoid the bar of the statute.
Moreover, in the majority of the 8eider-based cases it is reasonable to conclude that there is no intention on the part of the New York plaintiff and New York attorney to prosecute in defendant’s State a claim in personam for any excess. Nevertheless, if a special preference were to be granted because of the claimed Statute of Limitations impact in connection with the limited appearance applicable in Seider-based cases, all plaintiffs in such cases would claim that they intended to sue subsequently in personam for the excess in order to obtain a special preference.
There appears to be a simpler and more practical solution to the problem. The action in defendant’s State seeking a personal judgment for any excess could be commenced some time before the expiration of the applicable Statute of Limitations, the complaint therein alleging the commencement and pendency of the New York action and the limited effect of defendant’s appearance according to New York law. Determination of that action could be delayed until determination of the New York action.
Such an action should not be regarded as objectionable on the ground of ‘ ‘ another action pending between the same parties for the same cause.” To maintain the objection of another action pending for the same cause, there must not only be identity of cause of action and of parties but also of the judgment sought and it must be shown that full relief can be obtained in the first proceeding (see, e.g., Corporate Investing Co. v. Mt. *673 Vernon Metal Prods. Co., 206 App. Div. 273; People ex rel. Hayes v. Pope, 231 App. Div. 279). And, even if 'the two actions were deemed to be for the same cause, it. does not necessarily follow that the subsequent action should be dismissed. The CPLB revisers, in line with the modern view on the question,inserted provision in CPLR 3211 (subd. [a], par. 4) that “ the court need not dismiss upon this ground but may make such order as justice requires ”, to give the court discretion to make some order other than dismissal. Such .reasonable disposition to permit the continuance of the subsequent in personam action, brought when it was to avoid -the bar of the statute, is to be expected of any court cognizant of the nature of the problem.
This procedure would be availed of only by those plaintiffs in Seider-based cases who actually intend to pursue the excess in personam claim. Thus, it represents a practical resolution of the problem.
Furthermore, as against the plea of plaintiffs for a special preference in their ShiVer-based cases for the alleged purpose of being enabled to prosecute an in personam claim against defendant in his State, it is not unreasonable to hold that such plaintiffs should have proceeded in the first instance with an action against defendant in his State for full relief encompassing both the policy amount and his personal liability for any excess. The fact that Seider-loased plaintiffs have chosen to invoke our jurisdiction and thereby limited themselves to the amount of the policy does not entitle them to the added consideration of a special preference over the other personal injury actions on our calendar.
The application for a special preference is accordingly denied.